(37 Misc. Rep. 741.)

PEOPLE ex rel. SOCIETY FOR RELIEF OF HALF ORPHAN AND DESTITUTE CHILDREN v. McCUE et al., Assessors.

(Supreme Court, Special Term, New York County. April, 1902.)

1. PROHIBITION—WHEN GRANTED.
   A writ of prohibition will not be granted where a greater injustice would be done by its issue than would be prevented by its operation.

2. SAME—LEVY OF ASSESSMENT.
   Charter of New York (Laws 1897, c. 378) § 958, providing that no suit shall be commenced to vacate any assessment of the city, or remove a cloud, but the owners of the property shall be confined to their remedies given under the charter, prevents the issue of a writ of prohibition to vacate the levy of an assessment at the instance of a party assessed.

3. MUNICIPAL IMPROVEMENTS—ILLEGAL ASSESSMENT.
   The fact that an avenue in the city of New York was illegally graded in 1874 by day's work, instead of by contract, will not avoid an assessment for the entire work as completed, including curbing, flagging, and filling, as, if the assessment as laid was erroneous, the party assessed may proceed by petition under the provisions of the charter of the city (Laws 1897, c. 378, § 959 et seq.), or it may pay the assessment, and seek to recover the portion of the money unlawfully collected.

Application by the people, on the relation of the Society for the Relief of Half Orphan and Destitute Children, for a writ of prohibition against Edward McCue and others. Writ denied.

Lord, Day & Lord (Henry De Forest Baldwin, of counsel), for relator.

George L. Rives, Corp. Counsel (George L. Sterling, of counsel), for defendants.

SCOTT, J. This is an application for a writ of prohibition forbidding the levying of an assessment for regulating, grading, etc., Manhattan avenue, in the city of New York. The defendants compose the board of assessors and the board of revision of assessments, which are the boards charged with the duty of levying and confirming assessments for local improvements in said city. The history of the improvement for which it is now proposed to levy an assessment is unusual, and perhaps unique. The work of regulating and grading the avenue was commenced in 1874, and was continued down to 1877 as a so-called "day's work job," in apparent defiance of the provisions of section 91 of the charter of 1873 (chapter 335), which required that all such work should be done by contract, although it is insisted by the learned corporation counsel that the common council, by a resolution adopted on December 31, 1873, authorized the work of improving this avenue to be done by day's work. Section 91 of the charter of 1873 permitted the common council to permit such work to be so done, but required that the resolution giving such permission should be adopted by a vote of three-fourths of the members. It does not appear that the resolutions relied on by the corporation counsel was adopted by the requisite vote, and I shall therefore assume that no authority existed for doing this particular work by day's work. Clearly, no assessment can lawfully be imposed for so much of the cost of the improvement as includes the amount of work thus unlawfully done. In 1888 a contract was made under which the avenue between 100th and 105th streets was curbed and flagged and a quantity of filling supplied. No illegality or irregularity is alleged respecting this contract. In 1888 the board of assessors received such certificates as the law required as a basis for an assessment, but under advice of the corporation counsel postponed the levying of an assessment, the work on the avenue not being completed, as the laying of water pipes in connection with the new aqueduct had rendered it impracticable to complete it. In 1890 the matter was again taken up by the board of assessors, who again sought advice from the corporation counsel. Acting under advice from him, the board of assessors made out an assessment list, and forwarded it to the board of revision of assessments, which board, on January 21, 1901, referred the list back to the board of assessors, with instructions to take testimony as to the fair value or fair cost of the work done by day's work, and to assess that amount, with such sum for interest as to the said board might seem proper, on the property deemed to be benefited. It is now sought to prohibit further action by the board of assessors. It is objected, in the first place, that the major part of the cost of the improvement is so obviously unassessable that no valid assessment can be laid for the whole cost of the improvement and the interest. It is further objected that under the present city charter the board of assessors must assess the whole cost of the work, with interest, or noth-

ing at all; that they have no power or jurisdiction to levy an assessment for a part of the cost and interest, and no discretion as to how much should be assessed, their only discretion being as to the distribution of the assessment. This contention is based upon the language of section 946 of the charter, which provides that the officer or head of department charged with the execution of a work of public improvement shall certify to the board of assessors the total amount of all expenses incurred in the prosecution of the work, and that the comptroller shall certify the amount of interest at the legal rate upon the several payments from the date of payment to a day 60 days after the date of the certificate, and that the assessors shall assess upon the property benefited "the aggregate amount of such certificates, or such proportion thereof as is authorized by law." As to the board of revision of assessments, it is urged that it also is without power to exercise any judgment or discretion as to what sum should be assessed, but that it may only review the manner in which the assessment shall have been distributed. Even if every contention of the relator as to the illegality of the "day's work" and as to the limitations upon the powers of the boards whose members are defendants here should be acceded to, still it would by no means follow that it should be awarded the extraordinary writ for which it now asks. It has become the settled policy of the law respecting the city of New York that property benefited by a local improvement shall not wholly escape assessment therefor because the cost of the work has been swelled by the inclusion of illegal items, or by other irregularity, but that in every such case the property shall bear its due proportion of the fair cost of the work. The action taken by the board of revision of assessments, whether technically within the power of that board or not, was a laudable effort to bring the assessment in question within the spirit of law. Section 958 of the present charter provides that "no suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title; but owners of property shall be confined to their remedies in such cases to the proceedings under this title." It has been held that this provision is effective to prevent the issue of a writ of certiorari to review an assessment (People v. Myers, 135 N. Y. 465, 32 N. E. 241), and by analogous reasoning it should be held to prevent the issue of a writ of prohibition. It is true that such a writ is not issued to review, but to prevent, action; but its effect, if issued, would be to do precisely what the section above quoted is designed to prevent. It would deprive the city of the right to collect even the fair cost of the work. To so prevent it would work a grave injustice upon the owners of all property not benefited by the improvement, for upon them would fall practically the entire cost of a work for which others derive the immediate benefit. It is well settled that a writ of prohibition cannot be demanded in any case as a matter of strict right, but that its issue rests in sound judicial discretion. Accordingly, it is issued only in cases of extreme necessity, and where the applicant without it would be remediless. People v. Westbrook, 89 N. Y. 152. Nor will it be issued where greater injustice will be done in consequence of its issue than would be prevented by its opera-

tion. It is not contended that the improvement in question has not been completed, nor that the relator's property has not been benefited thereby, nor is it suggested that every item going to make up the cost of the work is illegal. If the assessment be laid, several remedies are still open to the relator if it finds itself aggrieved. It may proceed by petition under the provisions of the charter (section 959 et seq.). It may refuse to pay the assessment, and resist any attempt to collect it, or to take possession of the property assessed under an assessment lease, or it may pay the assessment, and then sue to recover the money back. In some one or other of these methods it can obtain all the redress to which it is entitled. It is true that under the provisions of the charter it may not wholly escape payment, and may still be obliged to bear and pay its due proportion of the fair cost of the work, but such a result would work injustice to no one.

Motion denied, with $10 costs.