PERRY LYONS *et al. v.* R. C. STEELE *et al.*

(No. 7459)

Submitted May 9, 1933. Decided May 16, 1933.

*C. E. Copcn*, for plaintiffs in error.

HATCHER, JUDGE:

R. C. Steele paid Perry Lyons and Lizzie Lyons, his wife, $200.00 for a tract of land and received a deed. Adam Cornell brought a suit in chancery against the Lyonses and Steele, claiming actual possession of the tract under a prior executory contract with the Lyonses to purchase the tract, and part payment of the purchase price. In that suit, the court found in favor of Cornell and cancelled the deed from the Lyonses to Steele on condition that within ten days from the adjournment of the court, Cornell should pay to the Lyonses the balance due on his purchase price. Cornell complied with the condition within the ten days by paying the balance to the clerk. Whereupon, Steele sued the Lyonses before a justice to recover the $200.00 he had paid them for the tract. Perry Lyons filed with the justice the statutory affidavit that the title to the real estate would come in question. Steele filed a counter affidavit. The justice heard the action and rendered judgment for Steele. The Lyonses secured a writ in the circuit court prohibiting the collection of Steele's judgment. A writ of error was granted Steele in the proceeding in prohibition.

The affidavit of Perry Lyons filed with the magistrate recounted the Cornell chancery suit, stated the conditional finding therein in favor of Cornell, and alleged that he had not complied with the condition. The counter affidavit of Steele said merely that the title to real estate would not properly come in controversy in the action. The opinion of Steele in the matter (which was all the affidavit contained) was not sufficient. Code 1931, 50-4-16, requires the counter affidavit of the plaintiff in such case *to deny the truth of the facts* alleged by the defendant. Failure of the counter affidavit to contain such denial deprives the justice of further juris-

diction, provided *the facts alleged* in the defendant's affidavit show that the title to real estate will come into question.

The decree in the Cornell chancery suit requiring him to pay the balance due on his purchase price, etc., was entered on June 23, 1930. A subsequent decree, entered on October 28, 1930, found expressly that, within the ten days, Cornell had paid the balance due the Lyonses to the clerk of the court "in accordance with the terms of the above decree" (as the decree recites); that the Lyonses were notified by the clerk (1) of the payment, and (2) that disbursements would be allowed whenever a deed to Cornell was delivered; and that the Lyonses had disregarded entirely the notification. A special commissioner was then appointed to make the deed to Cornell. No appeal was taken.

This is not the ordinary case of usurpation or abuse of judicial authority. By virtue of the decree in the chancery suit, the controverted title was vested absolutely in Cornell and was not properly in question in the action before the justice, and the Lyonses knew so. Yet, Perry Lyons deliberately withheld from his affidavit (made in November, 1931) the facts contained in the chancery decree of October 28, 1930, and made the misleading statement that Cornell "did not pay or offer to pay the sum of money to the defendants within ten days from the date said decree was entered (June 23, 1930) or any part thereof." Steele was entitled to recover the purchase money he had paid the Lyonses. The magistrate did have jurisdiction *in fact* to entertain Steele's demand. That jurisdiction was challenged only by a misleading affidavit. If the affidavit had stated the whole truth, that jurisdiction would not have been disturbed. Under such circumstances the prohibition of Steele's recovery would frustrate justice, and reward duplicity.

Since 1882, the writ of prohibition has lain as a matter of right, in West Virginia. See Acts 1882, chapter 153, section 1; Code 1931, 53-1-1. In 1931, however, it was further enacted: "The writ peremptory shall be awarded or denied according to the law and facts of the case." See 53-1-8. Construing the two statutes together, it would seem that while prohibition still lies as a demandable right despite legal remedy by appeal or otherwise, the writ does not issue *as a matter*

*of course,* but depends on the circumstances of each particular case. Where the circumstances disclose that injustice would result from imposing the writ (as herein) the supreme court of California would deny it. "The writ of prohibition is classed among legal remedies but there are points of similarity between the remedy thus afforded, and the remedy by injunction against proceedings at law. Being an extraordinary remedy, the writ should not be made the instrument of injustice." *Bank* v. *Sup. Co.,* 12 Cal. App. 335, 107 P. 322, 327. No authority is cited in the opinion and no textwriter on prohibition specifically upholds the California decision or says that prohibition is subject to equitable principles. Most of the texts record that the court should proceed in prohibition "with great caution and forbearance" and seek a solution in "the furtherance of justice". See generally High Extr. Leg. Rem. (3d Ed.), sec. 765; 50 C. J., on Prohibition, sec. 11; 22 R. C. L. on Prohibition, sec. 4; 23 Am. & Eng. Ency. Law. p. 213. Mr. Spelling does say prohibition "resembles in some respect the equitable remedy by injunction," but he further says it "takes no notice of the parties," with which statement we cannot agree. See 2 Spelling, Inj. & Extr. Rems. (2d) sec 1717. Mr. High observes "some points of similarity" between the two remedies, but as he really treats prohibition as *ex gratia* instead of *ex debito justitia,* his otherwise most excellent treatise throws no light on the subject. See High, *supra,* sec. 763. Mr. Ferris recounts that "the writ originally was not governed by any narrow, technical rules," but prescribes no modern rule except *liberality.* Ferris Extr. Leg Rems., sec. 307.

So we turn to the decisions of courts of last resort for support of the California case. The New York court has a similar conception of prohibition to that of California, saying in *People* v. *Wyatt,* 186 N. Y. 383, 79 N. E. 330, 10 L. R. A. (N. S.) 159, 166: "It (prohibition) is in effect an injunction against a court as contrasted with an injunction proper, which is granted against persons or corporations." And in *People* v. *McCune,* 76 N. Y. Supp. 485, the court held that the writ should be denied "where a greater injustice would be done by its issue, than would be prevented by its operation." In viewing the proceedings before magistrates in prohibition,

656

the supreme court of South Carolina said that courts "ought not to be eagle-eyed * * * in finding out and supporting every formal error or neglect, where the real merits have been duly and fairly attended to, and determined according to justice." *Kinloch* v. *Harvey*, Harper (S. C.) 508, 517. In *State* v. *Aloe*, 152 Mo. 466, 484, 54 S. W. 494, 498, the court said: "When the applicant has made out his *prima facie* case (in prohibition), bringing it within the technical requirements of the law, the question still remains for the court, does the real right and justice of the case call for this extraordinary remedy?" In three cases, affirmative commands "found essential to adequate relief", were imposed in prohibition, i. e. *State* v. *Superior Court*, 12 Wash. 677, 684, 42 P. 123; *State* v. *St. Louis Court*, 97 Mo. 276, 277, 283, 10 S. W. 874; *Havemeyer* v. *Superior Court*, 84 (Cal.) 327, 24 P. 121, 138, 18 A. S. R. 192, 236. The latter case justified its act by the significant remark: "The principle is that which prevails in equity." In *Galloway* v. *LeCroy*, 169 Ark. 838, 277 S. W. 35, the writ was denied *because of laches*. A like ruling was made in the English case of *Parochial Church* v. *Chancellor*, (1922) L. R. 1923, P. D. 38, 44, which cited and followed the notable opinions of Lopez, L. J., in *Tarquharson* v. *Morgan*, L. R. 1894, Q. B. 552, 558-9, and of Willes, J., in *The Mayor* v. *Cox*, L. J., 1867, N. S. Vol. 36, Ex. 225, 241, 243. Those opinions concur in holding that although prohibition is a writ of right, the writ "is not an absolute right in every case where an inferior tribunal exceeds its jurisdiction"; and that "it is discretionary with the court to decide whether the party applying has not by laches or misconduct lost his right to the writ to which, under other circumstances, he would be entitled."

It would seem clear from the foregoing citations that while prohibition is classed as a legal remedy, its issuance is largely influenced by equitable principles. Equity would not lend an ear to a technical right founded on deceit. Neither should prohibition serve deception. We hold, accordingly, that courts in West Virginia are not bound to allow the writ (under Code 1931, 53-1-1) merely because the applicant shows a clear technical right to prohibition; but they should deny the writ (under section 8) whenever he comes not with clean

hands, as in the instant case. We do not approve the course of the magistrate in the matter of the affidavits; we simply refuse to hear the Lyonses question that course.

We therefore hold that the judgment of the lower court is not in accord with the equitable principles which should be considered in prohibition, reverse the judgment, and dismiss the writ.

*Reversed and dismissed.*