STATE *ex rel.* WILLIAM STANEK

*v.*

HONORABLE MARVIN R. KIGER, *Judge, etc., et al.*

(No. 13116)

Submitted September 1, 1971. Decided December 17, 1971.

*Malik, Malik & Knapp, McCamic & McCamic, Charles F. Knapp, Jeremy C. McCamic, Michael Tomasky,* for relator.

*Hamstead & Hamstead, Ezra E. Hamstead,* for respondents.

CAPLAN, PRESIDENT:

In this original proceeding in prohibition the petitioner, William Stanek, seeks a writ to prohibit the respondent, Marvin R. Kiger, Judge of the Circuit Court of Monongalia County, West Virginia, from enforcing a certain order in an action instituted by the petitioner against the other named respondents in this proceeding.

It appears from the petition and exhibits filed therewith that the petitioner instituted a civil action, a stockholder's

derivative suit, against Rodney H. Knight, Richard E. Hamstead, Josette Knight, Betty Jo Callen (Cowin), individually and as officers and directors of Beverages of West Virginia, Inc., and Beverages of West Virginia, Inc. In that action Mr. Stanek, who is the owner of five shares of the capital stock of Beverages of West Virginia, Inc., filed a complaint wherein he alleged that the defendants, the named respondents herein, illegally and fraudulently conspired to divert to themselves assets of the corporation for their own personal gain. The complaint elaborated upon those charges, setting out the manner in which the alleged illegal acts were accomplished. The petitioner then demanded that the named defendants be required to account for and restore to the corporation all assets which were allegedly wrongfully obtained; that they be required to render a true and proper accounting of the affairs of the corporation; and that they be enjoined from further illegal and fraudulent diversion of the assets of such corporation.

The defendants filed a motion to dismiss and joint and separate answers to the complaint. They answered the plaintiff's allegation that he was the owner of five shares of the capital stock of the corporation by denying that he is the rightful owner of such stock. Thus, an issue was joined, presenting for court determination the ownership of the stock.

The defendants also filed two motions designated "Motion For the Production of Stock and the Acceptance of Payment For the Same". Therein the defendants applied to the court for an order requiring the plaintiff to surrender to the corporation his five shares of stock and accept as payment therefor the sum of $125.00. This, they said, was in accordance with the By-Laws of the said corporation. The plaintiff, petitioner here, then filed a motion to strike both of defendants' motions, and upon proper notice, a hearing was held before the court.

It is the position of the defendants in their motion for the production of the stock that under the provisions of Article II, Section 9 of the By-Laws of the defendant

corporation, the plaintiff, a former employee, no longer being in the employ of such corporation, is required to surrender his stock to the corporation. The plaintiff, in his motion to strike, takes the position that neither the corporate charter nor any amendment thereto authorized the restricted sale of stock by a stockholder as contended by the defendants. Therefore, he says he is the owner of the stock and has no obligation to surrender it to the corporation. These arguments and written memoranda in support thereof were presented to the court by counsel for the parties. In addition, the court had before it for consideration in resolving the issue of ownership of the stock a copy of the By-Laws of the corporation, a copy of the stock certificate, the deposition of the plaintiff, throughout which he repeatedly stated that he personally knew of no wrongdoing by the defendants, correspondence between the secretary of the corporation and the plaintiff and a letter of opinion from the office of the Secretary of State of West Virginia.

After a full hearing the court overruled the plaintiff's motion to strike and ordered him to surrender his stock certificate and accept in payment therefor the sum of $125.00. It is the enforcement of this order that the petitioner seeks to prohibit in this proceeding.

The petitioner contends that by the action of the court below in adjudicating the title to the subject stock it exceeded its legitimate powers for the reason that the issue of the ownership of the stock was not raised by the pleadings. Therefore, he asks that prohibition be invoked to prohibit the enforcement of the court's order. Further, argues the petitioner, the ownership of the stock was settled without giving him an opportunity to defend by a proper pleading.

There is no contention that the court did not have jurisdiction of the parties and the subject matter. Therefore, unless there is a clear showing that the court exceeded its legitimate powers, prohibition will not lie. *State ex rel. Render v. Wood,* 152 W.Va. 484, 165 S.E.2d 102; *State ex rel. State Road Commission v. Taylor,* 151 W.Va. 535,

153 S.E.2d 531; *The State Road Commission* v. *Hereford,* 151 W.Va. 526, 153 S.E.2d 501. Furthermore, it has been well settled by decisions of this Court that prohibition does not lie to correct mere errors and cannot be allowed to usurp the functions of appeal, writ of error or certiorari. *State ex rel. City of Huntington* v. *Lombardo,* 149 W.Va. 671, 143 S.E.2d 535; *State ex rel. Gordon Memorial Hospital, Inc.* v. *West Virginia State Board of Examiners For Registered Nurses,* 136 W.Va. 88, 66 S.E.2d 1.

Applying these legal propositions to the instant case we are of the opinion that the petitioner has failed to show that he is entitled to the relief prayed for in his petition for prohibition. The principal basis for the relief sought is that he had no chance to defend against the defendants' request for production of the stock. We do not agree with this assertion; nor do we agree that the question of the ownership of the stock was not raised by a permitted pleading. As heretofore noted the complaint alleged ownership of the stock and the answer denied that the plaintiff was the rightful owner. Thereafter, under the authority of Rule 7(b) (1), R.C.P. the defendants applied to the court by written motion for an order requiring the production of the subject stock. Therein, as required by said rule, the relief sought was set forth and the grounds therefor stated with particularity. In reply thereto the plaintiff filed a motion to strike and the parties were afforded a full hearing, including the opportunity to argue and submit briefs, on the issue of ownership of the stock.

A further rule is decisive of the issue raised by the petitioner. Rule 15(b), R.C.P. provides, where pertinent: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." It cannot be denied that the issue of the ownership of the stock was tried. Furthermore, the issue, by virtue of the complaint, answer, motion to produce the stock and motion to strike, was tried by express consent of the parties. Therefore, even if the issue was not raised

by a proper pleading, under Rule 15 (b) such issue was properly considered.

The court rendered its decision and determined that the plaintiff, considering all of the circumstances, was obligated to surrender his stock to the corporation. The court's action in deciding this matter was permissible under our rules of procedure. If the trial judge was in error in his decision, the judgment was voidable on appeal. It was not, however, void, and in accordance with the principles set out herein, the enforcement thereof is not subject to a writ of prohibition.

For the reasons stated herein the writ of prohibition prayed for in the petition is denied.

*Writ denied.*