STATE *ex rel.* PATRICK CASEY, *Prosecuting Attorney, etc.*

*v.*

GEORGE W. WOOD, *Judge, etc.*

(No. 13274)

Submitted November 21, 1972.   Decided November 28, 1972.

Opinion Filed December 12, 1972.

*Patrick Casey*, Prosecuting Attorney, for relator.

*John A. Field, III*, for respondent.

BERRY, JUDGE:

This is an original prohibition proceeding instituted in this Court on November 14, 1972 by Patrick Casey, Prosecuting Attorney of Kanawha County, to prohibit George W. Wood, Judge of the Intermediate Court of Kanawha County, from restraining petitioner from having two witnesses, for which subpoenas had been issued, testify before a special grand jury of the Intermediate Court of Kanawha County. A rule was granted by this Court returnable November 21, 1972. The proceeding was heard on the return day upon arguments and briefs for the respective parties.

This matter arose as a result of a motion filed in the Intermediate Court of Kanawha County, West Virginia, by John A. Field, III, United States Attorney for the Southern District of West Virginia, requesting that the subpoenas issued and served upon C. L. Hughes and H. Benton Kesler be quashed, or in the alternative, that their testimony before the grand jury of Kanawha County be limited to matters not being investigated by the federal grand jury before which these two witnesses had previously appeared and testified. The motion had not been disposed of by the respondent when this proceeding was instituted in this Court. Therefore, this Court was of the opinion that the writ should be denied because the Intermediate Court of Kanawha County had jurisdiction to entertain the motion and thus had not exceeded its legitimate powers in so doing. An order was entered on November 28, 1972 disposing of this proceeding so that the respondent would have an opportunity to rule on the motion before the special grand jury was automatically dissolved on December 1, 1972. This opinion

is now written giving the reasons for refusing to grant the writ.

The motion of the United States District Attorney to either quash the writ or limit the testimony of the witnesses in question to matters not involved before the federal grand jury was filed on October 19, 1972 and a hearing was held pertaining thereto on the same day. The transcript of the hearing on the motion was filed by the petitioner, with his petition, on November 14, 1972. At the beginning of the hearing the respondent stated: " * * * we are here on this motion of the United States of America to quash the subpoenae, or in the alternative, the testimony be limited to an area of inquiry beyond the scope of the Federal investigation." The respondent judge asked the attorneys if they had any law on the subject as to what he could do, and not do, and the petitioner, after making a lengthy statement, objected to the filing of the motion. He stated that if the respondent believed that it was proper for the motion to be filed he requested permission to be allowed to respond to the motion in writing, and if the respondent requested additional legal research to be done he stated that he was ready to help, and would research the question. Later in the hearing, the respondent told the petitioner that he was going to accept his suggestion with regard to researching the law pertaining to the matters involved in the motion. The respondent stated that they could set their own timetable with regard to submitting the authorities because he was tied up in court "from now until Christmastime", and for them "to work out a schedule that would fit in with their schedule which would be agreeable with me." The respondent requested that briefs be filed at a time convenient to the parties and discussed several dates for the filing of the briefs and finally the parties were given three weeks to exchange their briefs which set the date for the filing of the briefs on November 10th, and November 13th was discussed as a possible date for argument. After this the petitioner asked the respondent if the respondent were directing him not to take the

witnesses, Hughes and Kesler, before the special grand jury. The following statements as shown in the transcript were made by the parties closing the hearing:

"THE COURT: This whole subject would be moot if you did take them before it.

"MR CASEY: I don't wish to be in disobediance [sic] of this Court's orders. I understand clearly that I am restrained by order of your Honor's Court to not take the witnesses Hughes and Kesler before the State grand jury that is now in session in this Court.

"THE COURT: On the subject matters of these motions, it would be useless and would tend to make the whole subject matter moot, that is the reason for the motion. If you want a direction from me - - -

"MR. CASEY: I am not seeking a direction.

"THE COURT: I said this matter would stand until such time I rule, see if I have a right to entertain the motion, and secondly, how far I can direct the grand jury.

"MR. CASEY: So I can be clear on the record, I am hoping you won't restrain me. I do respect you if you do restrain me, I want to clearly understand it.

"THE COURT: I think I told you very clearly we would hold the matter over in status quo until today; we have agreed now, in effect.

"MR. CASEY: I am not agreeing, respectfully, your Honor.

"THE COURT: You are objecting to this procedure?

"MR. CASEY: Yes, sir, I do object.

"THE COURT: But that is the way it stands now, that it would be useless to even tell you or suggest to you that you not even have the men there, because this is a motion to prevent you from doing that; and as I gather it, the Court has told you, in effect, by entertaining the

motion at this time, or having the authorities sought, to see whether I do have or do not have jurisdiction to entertain the motion, you should respect that.

"When I practiced law, I understood I would not do something when the other side had a motion to prevent that, until the motion was ruled upon.

"MR. CASEY: Then I am restrained?

"THE COURT: You are unequivocally restrained from having Trooper Hughes and Mr. Kesler before the grand jury, until I rule on these matters."

The issues as set out in the petitioner's briefs as to whether the motion was a proper motion, and other related matters, are issues to be considered on appeal and not on the extraordinary remedy of prohibition. The only matter involved in this proceeding is whether the respondent had jurisdiction to consider the motion to quash the subpoenas or limit the testimony of the witnesses, and if he had jurisdiction, had he exceeded his legitimate powers. Code, 53-1-1.

It is true that normally there is no limitation on the character of the evidence that may be presented to the grand jury. See *Branzburg v. Hayes,* 408 U.S. 665, 92 S. Ct. 2646, 33 L. Ed. 2d 626. But this does not mean that the court which convened the grand jury does not have control over its process and does not have jurisdiction to rule on a motion pertaining thereto. *United States v. United States District Court,* 238 F.2d 713; *In Re Grand Jury Proceedings, Harrisburg, Pennsylvania,* 450 F.2d 199, affirmed in *Gelbard v. United States,* 408 U.S. 41, 92 S. Ct. 2357, 33 L. Ed. 2d 179.

The grand jury is an arm or agency of the court by which it is convened and such court has control and supervision over the grand jury. *United States v. Smyth,* 104 F. Supp. 283. A grand jury has no independent existence, but is a part of and an adjunct to the court. *State ex rel. Martin v. Michell,* Fla., 188 So. 2d 684. It

should also be noted that a grand jury has no power to compel a witness to testify, but only the court can exercise such compulsion. 9 M.J., *Grand Jury*, § 20; *Siklek v. Commonwealth*, 133 Va. 789, 112 S.E. 605.

It has been held by the United States Supreme Court that courts have inherent power over their own process to prevent abuse, oppression, and injustice. See *Krippendorf v. Hyde*, 110 U.S. 276, 4 S. Ct. 27, 28 L. Ed. 145. Subpoenas for witnesses to appear before a grand jury and testify are the court's process and not the process of the grand jury. It is the duty of the court to see that its process is not abused. *Krippendorf v. Hyde, supra.*

It has been held that a motion to quash subpoenas returnable before a grand jury may be properly brought before a state court which has jurisdiction and supervision over a grand jury. *Kabath v. O'Connor*, 234 F. Supp. 917.

On October 19, 1972 the petitioner was requested by the respondent court to file a brief on November 10 citing authorities in opposition to the granting of the motion and to possibly argue the motion on November 13, 1972. The attorney who presented the motion filed a brief in support of said motion as requested by the respondent. The petitioner filed no brief, after requesting permission to do so, and came into this Court on November 14 with a petition to prohibit the respondent from restraining him from presenting the two witnesses to the grand jury. It has been held that even if a person has a technical right to a writ of prohibition it may be forfeited by his misconduct. *Lyons v. Steele*, 113 W.Va. 652, 169 S.E. 481. This principle is clearly stated in point one of the syllabus of the *Lyons* case in the following language: "One with a technical right to a writ in prohibition may forfeit that right by his misconduct."

We are not concerned in this proceeding as to whether the granting or refusing of the motion before the court would constitute error. Prohibition does not lie to correct errors and cannot be used to usurp the functions of an

appeal or writ of error. *State ex rel. Stanek v. Kiger,* 155 W.Va. 587, 185 S.E.2d 491..

It is clear from the facts in this case that the Intermediate Court of Kanawha County had jurisdiction to consider the motion presented to it and would not exceed its legitimate powers by ruling on said motion.

For the reasons stated herein, the writ of prohibition prayed for was denied.

*Writ denied.*