FREDA CURRY AND EUGENE CURRY

*v.*

HECK'S, INC., *a corporation*

(No. 13346)

Submitted January 22, 1974.        Decided April 2, 1974.

*Danny O. Cline* for appellants.

*Johnson & Johnson, Charles G. Johnson* for appellee.

CAPLAN, CHIEF JUSTICE:

This is an appeal from a final judgment of the Circuit Court of Harrison County in an action instituted by the plaintiffs, Freda Curry and Eugene Curry, her husband, against the defendant, Heck's Inc., a corporation. In that action the plaintiff, Freda Curry, alleged that she was injured on the premises of the defendant. The trial court, after all of the evidence was introduced, directed a verdict in favor of the defendant and the plaintiffs prosecute this appeal.

Plaintiff, Freda Curry, on June 3, 1968, went onto the premises of the defendant for the purpose of exchanging an item formerly purchased. Upon entering the store she walked up an aisle toward the office during which time she passed a rack upon which ladies clothing was displayed. As she walked up this aisle she stepped on a small clear plastic pin and slipped but did not fall to the floor because "I caught myself on the clothing there." This resulted in the injury to her back about which she complains. She immediately went to the office and told the assistant manager what had happened and gave him the plastic pin upon which she had slipped. This pin, made of clear plastic, is approximately one inch in length and is used on the clothing which is displayed on the rack. The pins are attached to the clothing when they come from the manufacturer.

It is alleged in the complaint that the defendant negligently and carelessly failed to maintain its premises, particularly the floor thereof, in a reasonably safe condition and that by reason thereof the plaintiff, Freda Curry, was injured. She further alleged that she sustained serious permanent bodily injuries and will continue to require medical attention, therapy and hospitalization. The complaint also contains a claim by plaintiff Eugene

Curry for recovery of sums expended for medical costs, surgery, therapy, hospitalization and nurses care for his wife. In addition, he sues for the loss of society, companionship, consortium and services of his wife. His total claim amounted to $15,000.00. Plaintiff Freda Curry's claim was in the amount of $50,000.00.

The defendant, in its answer, denied that it was negligent and further asserted that any injury received by the plaintiff was caused by her own negligence.

In her testimony plaintiff Freda Curry related the happenings which resulted in her alleged injury; stated that there were several plastic pins on the floor along with cigarette butts and some boxes and related in some detail the extent of her injuries and treatment including hospitalization which was made necessary thereby. The assistant manager testified, stating that he had observed the floor on many occasions, one being at least within an hour from the time of the plaintiff's fall and that he observed no plastic pins on the floor. He said that he instructed all employees to watch out for and pick up any such pins or other objects. He readily acknowledged that these plastic pins, which came on the clothing from the manufacturer, would, on occasion, fall on the floor and that from time to time he has picked up such pins from the floor. The floor is constructed of tile blocks. He testified that he knew that these pins had a tendency to fall on the floor but stated that the defendant had done everything in its power to pick them up and keep the floor safe for customers.

At the conclusion of all of the evidence the defendant moved that a verdict be directed in its favor, stating as grounds therefor that this being a case of a foreign object on the floor and not a defect in the floor it was incumbent upon the plaintiff to show that the defendant knew or should have known by the exercise of reasonable care of the existence of this pin on the floor; that no such showing was made by the plaintiff; that the assistant manager had checked the floor within an hour of this

accident and nothing was on the floor. The defendant noted that it was entirely conceivable that this pin was knocked to the floor just before Mrs. Curry slipped on it, in which case the defendant did not have an opportunity to correct the cause of the accident.

The trial court granted the defendant's motion for a directed verdict. It reasoned that inasmuch as no showing was made as to the length of time the plastic pin had been on the floor prior to the plaintiff's injury it could not be determined whether the defendant knew, or by the exercise of reasonable care should have known, of the presence of the pin on the floor. By reason thereof the court held that the plaintiff had failed to establish negligence on the part of the defendant. The plaintiffs, of course, take the position that the question of negligence of the defendant is one for jury determination.

The basic question presented on this appeal is whether, under the facts revealed by the record, the trial court erred in directing a verdict for the defendant.

While the proprietor of a place of business is not an insurer of the safety of his patrons, he does impliedly warrant that the premises are reasonably safe. He does not contract against unknown defects not discoverable by ordinary care. The degree of care required of him is the care which an ordinarily prudent man would exercise under like circumstances. Conversely, if a foreign object on the floor renders an ordinarily safe condition unsafe, the proprietor's liability depends upon whether he knew or had a reasonable opportunity to discover the unsafe condition. *Denton v. Third Avenue Theatre Company,* 126 W.Va. 607, 29 S.E.2d 353 (1944); *Hunker v. Warner Bros. Theatres, Inc.,* 115 W.Va. 641, 177 S.E. 629 (1934).

In the instant case the testimony of the plaintiff revealed that the clear plastic pin upon which she slipped, together with other pins, cigarette butts and boxes, was on the floor. The manager of the defendant company testified that he knew that these pins fell to the floor "[f]rom time to time"; that the pins were numerous and

could be caused to fall by customers removing items of clothing from the rack. His extensive testimony revealed quite clearly that these pins fell to the floor rather frequently. We are of the opinion that in these circumstances a determination would have to be made as to whether the defendant knew, or by the exercise of reasonable care should have known, of the presence of the plastic pins at the time of her injury. Even though the manager testified that he had inspected the floor for foreign objects within an hour prior to the plaintiff's injury, the basic question of whether he knew, or by the exercise of reasonable care should have known, of the existence of such pin became a question for the jury. *Konopka v. Montgomery Ward & Co.*, 133 W.Va. 775, 58 S.E.2d 128 (1950).

Concerning the propriety of the direction of a verdict by the trial court, this Court said in Syllabus Point 1 of the *Fielder v. Service Cab Company*, 122 W.Va. 522, 11 S.E.2d 115 (1940):

"Before directing a verdict in a defendant's favor, every reasonable and legitimate inference favorable to the plaintiff fairly arising from the evidence, considered as a whole, should be entertained by the trial court, and those facts should be assumed as true which the jury may properly find under the evidence."

*Smith v. Rude Carrier Corp.*, 151 W.Va. 322, 151 S.E.2d 738 (1966); *Spaur v. Hayes*, 147 W.Va. 168, 126 S.E.2d 187 (1962); *Reilley v. Byard*, 146 W.Va. 292, 119 S.E.2d 650 (1961). Applying the principle expressed in the above syllabus point we are of the opinion that the question of whether the owner knew, or by the exercise of reasonable care should have known, of the unsafe condition of the floor should have been presented to the jury for its determination.

In view of the principles enunciated in this opinion the judgment of the Circuit Court of Harrison County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*