LEAUREN L. BATES

*v.*

KENNIE L. SIRK *d/b/a Sirk's*

*Super Speedway*

(No. 13679)

Decided December 14, 1976.

*John S. Sibray, Roger J. Morgan* for appellant.

*Jones, Williams, West & Jones, James C. West, Jr.,* for appellee.

CAPLAN, JUSTICE:

In this civil action instituted in the Circuit Court of Harrison County, the plaintiff, Leauren L. Bates, sought recovery from the defendant, Kennie L. Sirk, for injuries he allegedly received as a result of the defendant's negligence. Upon trial of this matter the jury returned a verdict in favor of the plaintiff in the sum of $50,000.00. Thereafter, the defendant moved the court to set aside the verdict and award him a new trial. That motion was

sustained by the trial court by an order dated March 18, 1975, from which order the plaintiff prosecutes this appeal.

Leauren L. Bates was employed by Kennie L. Sirk who operated a race track known as Sirk's Super Speedway. This track was located on West Virginia State Route No. 73 and featured nighttime automobile racing. It was a dirt track, approximately sixty feet wide on the running surface and was oval-shaped in design. The grandstand was located on the westerly side of the oval and was constructed at a level approximately five feet higher than the track surface. Flood lights were placed on poles around the track so that the "track will have clear lighting."

The center of the oval-shaped track is known as the infield area and is not as well lighted as the track. This is the area in which a tow-truck and an ambulance are maintained for use in emergencies. It was the infield area in which the plaintiff was injured.

The plaintiff was employed by the defendant in a dual capacity. He was a "push truck" operator and a "cone setter" or "retriever." In fulfillment of his first duties he maintained a truck equipped with a broad steel bumper and, upon the occurrence of a wreck on the track, he used this truck to clear the track of disabled vehicles. In his second capacity he assisted the official starter of the race. It was his duty at the start of the race to set a cone at a particular place on the track for the purpose of properly aligning the racing automobiles. Thereafter, when the last automobile passed, he was to pick up the cone and carry it back into the infield.

It was during his performance of the latter duty that he incurred the injuries for which he instituted this action. On June 7, 1968, at the beginning of the last race on the program, the plaintiff, in the performance of his employment, went out onto the track and retrieved the cone. After he had proceeded some twenty to thirty feet into the infield, one of the automobiles participating in

the race went out of control, entered the infield area and struck him, inflicting painful, serious and permanent injuries upon him.

It is pertinent to note that the defendant, although eligible as an employer, failed to subscribe to the workmen's compensation fund. By reason of this failure, the defendant, under the provisions of *W. Va. Code*, 1931, 32-2-8, as amended, was deprived of the common law defenses of the fellow-servant rule, assumption of risk and contributory negligence.

The plaintiff's position relative to his allegations of negligence on the part of the defendant is fully stated in Paragraph IV of his complaint, which reads as follows:

> "That the injury to the plaintiff was due to the negligence of the defendant in the following respects: (a) the defendant failed to furnish plaintiff a reasonably safe place in which to work; (b) defendant failed to have a proper or adequate guard rail around the infield area of the. race track so as to prevent automobiles from running onto the infield areas; (c) defendant failed to furnish a pit in which employees would be protected from vehicles running off of the track and onto the infield; (d) defendant failed to have adequate lighting on the infield area of the race track; (e) defendant failed to furnish an adequate warning system to those on the infield so that they would know when vehicles were out of control and in danger of coming across the infield; (f) defendant failed to have an adequate number of employees to perform the work."

The answer of the defendant asserted several defenses, all of which have been abandoned except his contention that there was a total absence of proof of negligence on his part. The defendant charges that the plaintiff's allegation that he, Kennie Sirk, failed to furnish said plaintiff a reasonably safe place in which to work is without merit inasmuch as the plaintiff failed to

establish any standard of care, the violation of which could create liability.

At the trial evidence was adduced by the plaintiff in an endeavor to prove that the defendant was negligent in having failed to furnish him a reasonably safe place in which to work. The evidence related the facts and circumstances surrounding the accident and the manner in which it occurred. There was substantial agreement among the witnesses for both parties as to such facts and circumstances. Evidence was offered on behalf of the plaintiff to show that there were no fences, bunkers or other protective devices designed to protect those in the infield area from injury resulting from mishaps on the track. There was undisputed evidence which revealed that it was not unusual for racing cars on the defendant's track to spin out of control and go into the infield area; in fact, there was evidence that such incidents occurred frequently, if not nightly.

The defendant countered with evidence designed to show that his track had the same design and facilities as those of similar tracks in the area. This, asserted the defendant, tends to establish a standard of safety for his employees, beyond which he was not compelled to go. Furthermore, the defendant argues, the injury complained of resulted from the failure of the plaintiff to quickly proceed to his truck in the center of the infield. He contends that the plaintiff stopped to watch the race about twenty feet from the track and that this was the proximate cause of his injury. This evidence was disputed by the testimony of Frank Baker, then employed by the defendant as a starter, who testified that the plaintiff was struck "from the rear as he was walking away from the car." He said that the plaintiff was walking toward his truck in the center of the infield and estimated that he was twenty to twenty-five feet from the track when he was struck. That witness also testified that after the plaintiff was injured, he discontinued the use of the cone, indicating that it was too dangerous and was not "doing that much good."

At the conclusion of the plaintiff's evidence and after all the evidence had been heard, the defendant made motions for a directed verdict. These motions were denied and the case was submitted to the jury. Upon the motion of the defendant and over the objection of the plaintiff, the following special Interrogatories were submitted to the jury:

> "1. Did you find as a fact that Kennie L. Sirk was guilty of negligence which proximately caused the injuries of which Leauren L. Bates complains in this civil action?

> "2. If so, in what respect do you find that Kennie L. Sirk failed in his duty to Leauren L. Bates and thus became guilty of negligence which proximately caused the injuries of which Mr. Bates complains?"

The jury answered the first question in the affirmative. The answer to the second question was in the following words: "In the fact that Kennie L. Sirk permitted the use of the cone in a manner so as to expose Mr. Bates in an unsafe area without safety precautions." Thereupon, the jury found for the plaintiff and assessed his damages at $50,000.00. Judgment was entered on the verdict and the defendant filed a motion to set aside the verdict and be granted a new trial. As heretofore noted this motion was sustained and this appeal resulted.

It is readily admitted by the plaintiff that it is not enough for him to show that he suffered injuries and that the defendant failed to subscribe to the workmen's compensation fund. He acknowledges that before such a case warrants jury consideration he must make a *prima facie* showing of negligence on the part of the defendant which was the proximate cause of his injuries. It is the plaintiff's position that the evidence supports his allegation that the defendant failed to furnish a safe place in which to work and that such negligence was the proximate cause of his injuries.

The defendant, although acknowledging that he is under a legal obligation to furnish his employees a safe place in which to work, asserts that by employing the same standards as those which exist at similar tracks in the area, he is in compliance with custom and usage in the industry and has thereby fulfilled his obligation. Custom and usage in an industry may constitute evidence but it is by no means conclusive. If none of the tracks in the area in which defendant's track was located employed means and devices to protect their employees, the defendant was not thereby exonerated and held faultless for following that same negligent pattern.

In *Curtis v. Garcia Y Cia*, 272 F.2d 235 (1959), an employee was injured while performing his duties in accordance with the custom and usage in that industry and as directed by his employer. Negligence was disputed, reliance being placed upon the fact that the work was performed in compliance with custom and usage in the industry. The court said: "However, such custom, though it may be evidence of reasonableness, is not conclusive. The jury here had sufficient basis in the testimony to support a conclusion that the unloading procedure used by Jarka did not satisfy the standard of reasonable care, despite the fact that it was a method often used."

In another case in which an employee was injured while performing his duty in "the usual and ordinary way," the Supreme Court, speaking through the esteemed Justice Holmes, held that what is usual and ordinary is not the test, but rather that the employer act with reasonable prudence. Holding for the employee on this question, Mr. Justice Holmes said: "What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." *Texas and Pacific Railway Company v. Behymer*, 189 U.S. 468 (1903). *See also, Walker v. Colgate-Palmolive-Peet Co.*, 157 Kan. 170, 139 P.2d 157 (1943), wherein the court, quoting from *James Baird Co. v. Boyd*, 41 F.2d

578, said: " . . . while customary methods may be considered in determining whether or not this duty [furnishing employee a safe place to work] has been properly performed, they do not constitute a controlling test, and it should be left to the jury to determine whether, under the circumstances of the case, the provisions made by the employer were such as a person of ordinary prudence would have made for the safety of his workmen."

We adhere to the principles expressed in the above cited and quoted cases. Consequently, we hold that in the instant case the fact alone that the defendant employed the same standards of safety as those evident in other tracks in the area does not as a matter of law exonerate him from negligence. In the circumstances revealed by the evidence, the defendant knew or should have known that the manner in which the races were conducted was hazardous. The use of the cones, discontinued after the plaintiff was injured, placed the plaintiff in a position of danger and it was the obligation of the defendant to foresee such danger and to provide some measure of protection.

At any rate, in the circumstances of the case, the jury had sufficient basis in the testimony to support the conclusion that the defendant had failed in his duty to furnish the plaintiff a safe place in which to work and was therefore negligent. This, in fact, is what the jury did find and that verdict should not have been set aside by the trial court.

This Court, in *Fielder v. Service Cab Company*, 122 W. Va. 522, 11 S.E.2d 115 (1940), said in Syllabus Point 1 thereof:

> "Before directing a verdict in a defendant's favor, every reasonable and legitimate inference favorable to the plaintiff fairly arising from the evidence, considered as a whole, should be entertained by the trial court, and those facts should be assumed as true which the jury may properly find under the evidence."

See, *Curry v. Heck's, Inc.*, 157 W. Va. 719, 203 S.E.2d 696 (1974); *Smith v. Rude Carrier Corp.*, 151 W. Va. 322, 151 S.E.2d 738 (1966); and *Reilley v. Byard*, 146 W. Va. 292, 119 S.E.2d 650 (1961). Applying the principle expressed in that syllabus point, we are of the opinion that the question of whether the defendant was negligent in failing to furnish the plaintiff a reasonably safe place in which to work was one for jury determination and that the trial court erred in setting aside its verdict. *See, Skeen v. C & G Corporation*, 155 W. Va. 547, 185 S.E.2d 492 (1971) and *Nesbitt v. Flaccus*, 149 W. Va. 65, 138 S.E.2d 859 (1964). The judgment of the Circuit Court of Harrison County is reversed and the case is remanded with directions to reinstate the jury verdict.

*Reversed and remanded*
*with directions.*