244 S.E.2d 321 (1978)
Marshall SNODGRASS et al., etc.
v.
SISSON'S MOBILE HOME SALES, INC., etc., et al.
No. 13764.
Supreme Court of Appeals of West Virginia.
April 7, 1978.
Rehearing Denied May 31, 1978.
*322 Guy R. Bucci, Charleston, for appellants.
Alexander J. Ross, Charleston, for Sisson's.
Love, Wise, Robinson & Woodroe, Ernest H. Gilbert and S. Clark Woodroe, Charleston, for G. E. Credit.
MILLER, Justice:
This case arises out of a civil action to collect the penalty provided in our usury statute and gives rise to two questions.[1] First, what is the appropriate statute of limitations for a suit to collect a penalty for usurious interest? Second, when does the statute of limitations begin to run?
Appellants, Marshall and Janie Snodgrass, purchased a mobile home on an installment payment contract dated September 15, 1972. The contract provided for 96 monthly payments commencing October 30, 1972. On May 3, 1974, appellants instituted a suit against the seller of the mobile home, its manufacturer, and General Electric Credit Corporation, which financed the contract.
The trial court granted summary judgment against appellants, holding a one-year statute of limitations applicable and that it began to run on the date of the agreement, September 15, 1972. Suit was barred since it was filed more than one year after the date of agreement. We agree as to the applicable statute of limitations, but hold that the statute does not begin to run on the date the usurious contract is signed.
The trial court correctly determined that W.Va.Code, 47-6-6, imposes a penalty when it authorizes the recovery of four times the amount of interest payable on a usurious contract. In Lynch v. Bank, 22 *323 W.Va. 554 (1883), this Court had before it a suit to collect usurious interest under the National Currency Act, which authorized a recovery of "twice the amount of interest thus paid." The Court, without elaboration, characterized the statutory provision as a penalty.
In Wilson v. Shrader, 73 W.Va. 105, 79 S.E. 1083 (1913), the Court discussed in some detail the concept of a penalty, identifying several salient characteristics. First, a penalty is statutorily created and is imposed as punishment for a specific act made unlawful by the statute. Second, the amount authorized as a penalty ordinarily bears no relationship to the harm done.
Further delineation of the penalty concept was made in Gawthrop v. Fairmont Coal Co., 74 W.Va. 39, 81 S.E. 560 (1914), where the Court discussed the old statutory penalty for mining within five feet of the boundary line of another person:
"Action for the penalty is not meant for the vindication of private right in property. Nor does it preclude separate action for that. The penalty does not accrue to one out of his property, but out of the vindication of the public weal. It is not given as damages in relation to the former, but as punishment in relation to the latter." [74 W.Va. at 41, 81 S.E. at 561]
Our prior cases discussing the nature of a penalty are in accord with the general law. 36 Am.Jur.2d Forfeitures and Penalties § 2; 70 C.J.S. Penalties § 1.
Once it is established that the suit seeks to collect a penalty, the search for the applicable statute of limitations begins. At the time of the institution of this suit, there was no specific statute of limitations in regard to the collection of the penalty under W.Va.Code, 47-6-6, nor for the collection of penalties generally.[2]
Gawthrop answered the question of the applicable statute of limitations by determining that an action to collect a penalty was not assignable at common law and therefore did not survive the death of the person claiming the right. The Court concluded that the one-year statute of limitations set out in the predecessor to W.Va. Code, 55-2-12,[3] was applicable. This rule was later followed by the Court in State ex rel. Sabatino v. Richards, 127 W.Va. 703, 708, 34 S.E.2d 271 (1945). As a general rule, an action to collect a statutory penalty is not assignable unless the statute contains language indicating an intention to make the cause of action assignable. 36 Am. Jur.2d Forfeitures and Penalties § 56. Our usury penalty statute does not contain language by which assignability can be inferred.
Both Gawthrop and Sabatino proceeded on the theory that at common law assignability and survivability were equal and convertible concepts so that if the answer to one were found, the other was automatically answered. Under the Gawthrop-Sabatino approach, no inquiry was made to determine if the Legislature had altered the survivability analysis by statute. Indeed, there was little occasion to make such inquiry since the statute of limitations on personal actions, W.Va.Code, 55-2-12, was cast entirely in terms of survivability until 1959.
In 1959, the Legislature made several significant statutory changes to W.Va.Code, 55-2-12,[4] and W.Va.Code, 55-7-8, rearranging *324 the latter section and creating a new section 8a.[5] The legislative changes appear to result from certain problems which arose in the case of Tice v. E. I. Du Pont De Nemours & Co., 144 W.Va. 24, 106 S.E.2d 107 (1958), and which are more particularly outlined in Judge Donley's dissent, 144 W.Va. at 37, 106 S.E.2d at 116.
One of the questions in Tice was whether the provisions of W.Va.Code, 55-7-8, caused an action for personal injuries to survive and thereby to obtain the two-year statute of limitations under the then existing statute (see Note 3). The majority suggested it did, but Judges Donley and Ducker disagreed, arguing that W.Va.Code, 55-7-8, did not create statutory survivability of a personal action which did not survive at common law.
Following the Tice decision, the Legislature revised the statute of limitations for personal actions found in W.Va.Code, 55-2-12, by setting out three classes of personal actions: (a) damage to property (both real and personal); (b) damages for personal injuries; and (c) all other personal actions which do not survive at common law. At the same time, W.Va.Code, 55-7-8, was amended to separate the portion relating to personal injury actions which, on the death of the injured party, convert to wrongful death actions. The remaining portion of W.Va.Code, 55-7-8, was revised and placed in a new section designated 55-7-8a.[6]
Under customary rules of statutory construction, the 1959 changes to W.Va. Code, 55-2-12, must be read in pari materia with W.Va.Code, 55-7-8a, since both relate to the same subject matter and were adopted as a part of a common plan. Smith v. State Workmen's Compensation Commissioner, W.Va., 219 S.E.2d 361 (1975); Fruehauf Corp. v. Huntington Moving & Storage Co., W.Va., 217 S.E.2d 907 (1975).
When W.Va.Code, 55-7-8a, is read in pari materia with W.Va.Code, 55-2-12(a) and (b), relating to the limitation on suit for damage to property and personal injuries, common law survivability of these causes of action is no longer the test. The reason is two-fold. First, these subsections do not contain any requirement as to survivability, but merely express a stated period in which the actions must be brought. Second, the provisions of subsection (a) of W.Va.Code, 55-7-8a, statutorily create survivability by the following language:
"In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable."
The effect of this subsection is to create statutory survivability for the causes of action *325 contained therein to parallel the same causes of action set out in W.Va.Code, 55-2-12(a) and (b).
The language of W.Va.Code, 55-7-8a(a) is clear and specific on the creation of survivability. It begins with the language "In addition to the causes of action which survive at common law," then proceeds to enumerate the categories deemed to survive statutorily, and concludes the clause with the phrase "also shall survive." Finally, in order to avoid the problem noted by Judge Donley in Tice,[7] subsection (a) concludes with the clause "such actions may be brought notwithstanding the death of the persons entitled to recover or the death of the person liable."
By isolating causes of action for fraud and deceit and combining them with personal actions which will survive under W.Va.Code, 55-7-8a(a), it is apparent that the Legislature intended to exclude from statutory survivability under subsection (a) other personal tort actions such as defamation, false arrest and imprisonment, and malicious prosecution. These latter personal actions, lacking statutory survivability and possessing no common law survivability, take a one-year statute of limitations under W.Va.Code, 55-2-12(c).
Further, the provisions of W.Va.Code, 55-7-8a(f), specifically limit the survivability of personal tort actions to those set out in subdivision (a) by the words, "Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought."[8] [Emphasis supplied] This conclusion is reinforced by the fact that the Legislature still retained in W.Va.Code, 55-2-12(c), the concept that there are actions which do not survive at common law, demonstrating that the statutory survivability created by W.Va.Code, 55-7-8a(a), is limited to the causes of actions designated therein.
The point of this discussion is that, as a result of the Tice case and the subsequent changes to W.Va.Code, 55-2-12, and the enactment of W.Va.Code, 55-7-8a, a new matrix exists in which the problem of the appropriate statute of limitations in personal actions and the related question of survivability must be considered. Much of the reasoning in our cases prior to 1959 must be read in light of the legislative enactments of 1959.
The suit here is to collect a civil penalty. As previously noted, Gawthrop, Sabatino, and the general law hold that such suit is a personal action which does not survive at common law. However, it is not solely by these authorities that we apply the one-year statute of limitations in W.Va. Code, 55-2-12(c), but also because it does not fall within the categories of causes of *326 action which survive by virtue of W.Va. Code, 55-7-8a(a).
Turning to the final question as to when the one-year statute of limitations begins to run, we are urged by appellees to follow the holding of the trial court that the statute of limitations begins to run when the cause of action accrues, citing Steeley, Executor v. Funkhouser, 153 W.Va. 423, 425, 169 S.E.2d 701 (1969). In this case, the cause of action accrued on the date the usurious agreement was signed, since it is at this point that usury is "provided for" and "agreed to be paid" under W.Va.Code, 47-6-6. Appellees assert it is the execution of the usurious contract which gives rise to the claim for the penalty, as when the contract is executed the penalty can be calculated based on the interest contained in it.
Appellants assert that while the statute gives rise to the statutory penalty on the entire interest, the statute of limitations should not begin to run until after the payment of the usurious contract. Appellants further maintain that the usury is so intertwined with the contractual terms of repayment that for practical purposes the two cannot be separated. Appellants then urge that such an action should not be barred until one year after the last payment is made under the usurious contract, citing 54 C.J.S. Limitations of Actions § 120:
"It is the general rule that the statute of limitations begins to run against an action to recover the statutory penalty for usury only on payment of the usury, and not on the date of the contract to pay. It has been held that the action to recover a penalty is not barred if brought within the statutory period after the last of a series of successive usurious payments, and that the amount of the penalty recoverable is based on all the payments so made regarded as a whole and completed within the designated time."
Appellants also request that we adopt the position of the Florida courts, which have held that, under Florida's usury penalty statute, the statute of limitations does not begin to run until the final payment is made under a usurious contract. Financial Federal Savings and Loan Association v. Burleigh House, Inc., 305 So.2d 59 (Fla.App. 1974); Vance v. Florida Reduction Corporation, 263 So.2d 585 (Fla.App.1972); Wenck v. Insurance Agents Finance Corporation, 99 So.2d 883 (Fla.App.1958).
Several factors favor a liberal rule as to when the statute of limitations should begin to run to collect a penalty. This Court has historically construed usury statutes in favor of the debtor, upon the premise that usury is against public policy. Carper v. Kanawha Banking & Trust Co., W.Va., 207 S.E.2d 897 (1974); Hall v. Mortgage Security Corporation of America, 119 W.Va. 140, 192 S.E. 145 (1937).
A liberal interpretation appears in accord with the intent of the Legislature which, in addition to the penalty provision adopted in 1968 in W.Va.Code, 47-6-6, elected to retain in Article 6 several other remedial statutes pertaining to usury.
Under W.Va.Code, 47-6-7, the defense of usury may be asserted in any suit brought against the debtor on the contract or assurance. Where usury is so asserted, it is mandatory that the issue be resolved in the manner set out in this section. Michigan National Bank v. Mattingly, W.Va., 212 S.E.2d 754 (1975).
By W.Va.Code, 47-6-8, the debtor has the right in equity to have the creditor disclose the true rate of interest. This statute was adopted from Virginia, where it had been enacted to broaden the right to discover usury when that state had a penalty on usurious contracts. Ice v. Barlow, 85 W.Va. 490, 102 S.E. 127 (1920). In such suit the equitable doctrine of laches would apply.
Also, W.Va.Code, 47-6-9, provides an action at law to recover the excess paid beyond the lawful interest. It would seem from a reading of this provision that an action could be brought as long as payments were being made on the contract without regard to when it was executed.
Finally, we note that one provision in the usury statute involved in this case seems to *327 militate against the commencement of the one-year statute at the time of the execution of the contract. This is the defense of bona fide error: ". . . but a bona fide error, innocently made, which causes such contract or assurance to be usurious shall not constitute a violation of this section if the lender or creditor shall rectify the error within fifteen days after receiving notice thereof." It would appear that this defense is made available to the creditor at any time during the life of the contract until he obtains notice of the error.
For the foregoing reasons, it is the opinion of this Court that a debtor has the right, under W.Va.Code, 47-6-6, to institute an action to collect the usury penalty at any time until one year after the last payment is due or made on the usurious contract. Consequently, the judgment of the Circuit Court of Kanawha County, holding the claim to be barred, is hereby reversed and the case is remanded.
Reversed and remanded.
NOTES
[1] In 1968 a penalty of quadruple the amount of interest contained in a usurious contract was established under W.Va.Code, 47-6-6, which reads:

"All contracts and assurances made directly or indirectly for the loan or forbearance of money or other thing at a greater rate of interest than is permitted by law shall be void as to all interest provided for in any such contract or assurance, and the borrower or debtor may, in addition, recover from the original lender or creditor or other holder not in due course an amount equal to four times all interest agreed to be paid and in any event a minimum of one hundred dollars. Every usurious contract and assurance shall be presumed to have been wilfully made by the lender or creditor, but a bona fide error, innocently made, which causes such contract or assurance to be usurious shall not constitute a violation of this section if the lender or creditor shall rectify the error within fifteen days after receiving notice thereof."
[2] W.Va.Code, 46A-1-101, et seq., on consumer credit, were not in effect until September 1, 1974, except as to certain administrative provisions. W.Va.Code, 46A-8-101.
[3] W.Va.Code, 55-2-12 [1931], contained similar language to the statute in Gawthrop and, except for difference in the time periods, remained essentially the same until 1959. The 1931 statute read:

"Every personal action for which no limitation is otherwise prescribed shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative; and if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after."
[4] "Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative."
[5] The significant portions of W.Va.Code, 55-7-8a, for purposes of this case, are subsections (a) and (f):

"(a) In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.
". . .
". . .
". . .
". . .
"(f) Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable."
[6] Tice also had a conflict of law problem on the applicable statute of limitations on a claim arising in a foreign state. This was resolved by the Legislature adding W.Va.Code, 55-2A-1, et seq. Consequently, the three acts designed to cover the Tice problem are found in the 1959 Acts of the Legislature, Chapters 1, 2 and 3  a further manifestation of the Legislature's response to Tice.
[7] Commenting in Tice on former W.Va.Code, 58-7-8, Judge Donley observed that it had "preserved the liability of the tort feasor, but inexplicably failed to preserve the right of action to enforce it if the injured party failed to bring an action." 144 W.Va. at 43, 106 S.E.2d at 118. [Emphasis in original] Obviously, the last clause of W.Va.Code, 55-7-8a(a), permits the action to be brought if either the injured party or the wrongdoer dies. However, under the present W.Va.Code, 55-2-12(b), the applicable time period is still two years.
[8] A critical point sometimes overlooked is that at common law, all suits abated on the death of one of the parties, whether the underlying cause of action survived or not. 1 Am.Jur.2d Abatement, Survival and Revival § 47; 1 C.J.S. Abatement and Revival § 115. Judge Brannon recognized this to some extent in Henning v. Farnsworth, 41 W.Va. 548, 23 S.E. 663 (1895), discussing what is now W.Va.Code, 56-8-2. He concluded that this was a revival statute which did two things. It permitted a suit to continue by substituting representative parties when a death occurred if the underlying cause of action survived at common law. The statute also, by virtue of the last sentence, repealed the common law rule that tort actions die with the person. 41 W.Va. at 549, 23 S.E. at 664. This latter point has never been followed by this Court. Woodford v. McDaniels, 73 W.Va. 736, 81 S.E. 544 (1914); Summersville v. Cooper, 124 W.Va. 417, 21 S.E.2d 669 (1942); and expressly rejected in City of Wheeling v. American Casualty Co., 131 W.Va. 584, 591, 48 S.E.2d 404, 409 (1948). The result is that this Court has treated W.Va.Code, 56-8-1 and 2, as purely procedural statutes giving the right to revive an action if the underlying cause of action survived in its common law framework. With the adoption of W.Va.Code, 55-7-8a, those personal actions enumerated are deemed to survive by force of the statute.