CARL L. CAVENDISH

*v.*

JOHN MOFFITT AND GREENBRIER DAILY NEWSPAPERS, INC.

(No. 13795)

Decided April 10, 1979.

*Michael Clay Smith* for appellant.

*Amos Bolen, Andrew McClung* for appellees.

PER CURIAM:

In this appeal, the appellant, Carl L. Cavendish, raises the question of what is the appropriate statute of limitations for an action for libel in the State of West Virginia.

On February 10, 1975, the appellee, Moffitt, wrote and published in the *West Virginia Daily News*, a newspaper owned by Greenbrier Daily Newspapers, Inc., an article which Cavendish considered libelous.

On March 3, 1976, more than one year, but less than two years, after publication of the story, Cavendish filed a libel complaint against the appellees.

By order entered on June 29, 1976, the Circuit Court of Greenbrier County dismissed Cavendish's action on the ground that it was barred by the statute of limitations.

*W. Va. Code*, 55-2-12, provides:

> "Every personal action for which no limitation is otherwise prescribed shall be brought: (a)

Within two years next after the right to bring the same shall have accrued, if it be for damages to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative."

Because no section of the West Virginia Code specially establishes a limitation for libel actions, such actions are governed by the provisions of *W. Va. Code*, 55-2-12.

*W. Va. Code*, 55-2-12, as in effect at the times pertinent to this action, provided limitations for three classes of personal actions:

1. Damage to property (both real and personal);

2. Damage for personal injuries; and

3. All other personal actions which do not survive at common law. *See, Snodgrass v. Sisson's Mobile Homes Sales, Inc.,* _____ W. Va. _____, 244 S.E.2d 321 (1978).

It has been held that *W. Va. Code*, 55-2-12 must be read *in pari materia* with *W. Va. Code*, 55-7-8a. *Snodgrass v. Sisson's Mobile Home Sales, Inc., supra.*

*W. Va. Code*, 55-7-8a, provides, in part:

"(a) In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable."

We have held that by isolating causes of action for fraud and deceit and combining them with personal actions which will survive under *W. Va. Code*, 55-7-8a(a), it is apparent that the Legislature intended to exclude

from statutory survivability under subsection (a) such personal torts as defamation, false arrest and imprisonment, and malicious prosecution. We have also held that these personal actions, lacking statutory survivability, and possessing no common law survivability, take a one-year statute of limitations under *W. Va. Code*, 55-2-12(c). *Snodgrass v. Sisson's Mobile Home Sales, Inc., supra.*

It is clear that libel is a form of defamation which, under our ruling in *Snodgrass* is limited by the one-year limitation period established in *W. Va. Code*, 55-2-12(c).

Because the one-year period applies to libel actions, the Circuit Court of Greenbrier County properly dismissed this action as being barred by the statute of limitations.

*Affirmed.*