294 S.E.2d 121

**Eileen C. DUFFY**

v.

**The OGDEN NEWSPAPERS, INC., et al., And U. P. I., etc., et al., etc.**

**No. 14974.**

Supreme Court of Appeals of West Virginia.

July 1, 1982.

Gompers, Buch & McCarthy and T. Carroll McCarthy, Jr., Wheeling, for appellant.

Pinsky, Barnes, Watson, Cuomo & Hinerman and William E. Watson, Wellsburg, Baker & Hostetler, Bruce W. Sanford and Evan Jay Cutting, Cleveland, Ohio, for appellees.

HARSHBARGER, Justice:

On March 1, 1979, Duffy sued defendant newspapers alleging they "did negligently, maliciously, wantonly, wilfully and with such gross recklessness and gross carelessness as to amount to wanton and wilful disregard of the rights of the plaintiff, utter and publish, or did cause to be uttered and published, a certain false, scandalous, malicious and defamatory and libelous story about the plaintiff in a front page article."

She wanted damages for contempt and ridicule in public estimation, exposure to public scorn, disgrace, shame, hatred and contempt, hinderance of her association with other persons, injury in her fame and credit in the eyes of her friends, associates and public at large, damage to her general reputation, severe, serious and permanent bodily, mental and internal infirmities and injuries, mental stress, mental suffering and mental shock, and loss of wages. Defendants asserted a statute of limitations bar because the publication occurred in March, 1977; and the trial court found Duffy's complaint barred by the one-year statute of limitations for libel. Syllabus, *Cavendish v. Moffitt*, 163 W.Va. 38, 253 S.E.2d 558 (1979).

Our general statute of limitations for personal actions, W.Va.Code, 55–2–12, is difficult to interpret. It is divided into three sections: (a) a two-year statute of limitations for a personal action "if it be for damage to property"; (b) a two-year statute of limitations for a personal action "if it be for damages for personal injuries"; and (c) a one-year statute for "any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative." The two-year statutes are based on the types of damages sought; the one-year is based on the type of cause of action.*

The only way to reconcile these provisions without emasculating subsection (c) is to declare that if an action is governed by (c), a one-year statute of limitations applies regardless of the type of damages sought. We have consistently used this interpretation. *Stanley v. Sewell Coal Co.*, 169 W.Va. 72, 285 S.E.2d 679 (1981); *Cavendish v. Moffitt, supra; Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W.Va. 588, 244 S.E.2d 321 (1978).

We are instructed in *Snodgrass* to read our Code section creating statutory survivability, Code, 55–7–8a *in pari materia* with Code, 55–2–12(c) about actions not having common law survivability. In *Snodgrass, supra* at 325, we explained that "personal tort actions such as defamation, false arrest and imprisonment, and malicious prosecution" take a one-year statute of limitations because they were excluded from statutory survivability in W.Va.Code, 55–7–8a. *Cavendish, supra* at 559, noted "libel is a form of defamation which, under our ruling in *Snodgrass* is limited by the one-year limitation period established in *W.Va. Code*, 55–2–12(c)."

Duffy's action sought damages for a libelous publication; but it is the lack of survivability of the cause that governs the appropriate statute of limitation and not the type of damages sought.

Affirmed.

---

* Actions seeking equitable relief are limited by laches rather than one of these statutes of limitations. *Laurie v. Thomas*, 170 W.Va. 276, 294 S.E.2d 78 (1982).