352 S.E.2d 22

**Stanley E. PREISER**

v.

**The Honorable A. Andrew MacQUEEN, Judge, Circuit Court of Kanawha County, and the Daily Gazette Company, Inc. (Intervenor).**

**No. 16620.**

Supreme Court of Appeals of West Virginia.

Submitted April 23, 1985.

Decided June 12, 1985.

Rehearing Denied July 10, 1985.

Concurring and Dissenting Opinion April 10, 1986.

274

Jeremy C. McCamic, McCamic & McCamic, Wheeling, for petitioner.

No appearance for respondent.

Rebecca A. Baitty & Rudolph L. DiTrapano, DiTrapano & Jackson, Charleston, for intervenor The Daily Gazette Co., Inc.

McHugh, Justice:

In this action in prohibition, the petitioner, Stanley E. Preiser, seeks to prohibit the Honorable A. Andrew MacQueen, Judge of the Circuit Court of Kanawha County, West Virginia, from proceeding further in the case of *Daily Gazette Company v. Preiser,* Civil Action No. CA–81–2900. The petitioner contends that the *Gazette* case is barred by the statute of limitations. In February 1985, we directed the respondent judge to show cause why relief in prohibition should not be awarded. By order entered in April 1985, The Daily Gazette Company was granted leave to intervene. This Court has before it the petition, all matters of record and the briefs and argument of counsel.

**I**

In June 1970, The Daily Gazette Company (hereinafter "Gazette") began to publish a series of newspaper articles which alleged that various members of the police department of Charleston, West Virginia, were guilty of misconduct. In 1970 and 1971, the petitioner, an attorney representing three members of that police department, instituted in the Circuit Court of Kanawha County five separate actions for libel against the Gazette. Those actions were Civil Action Nos. 16,795–c, 16,797–c, 16,796–c, 10,578 and 10,579. The plaintiffs in those actions were Robert L. Crouse, Peter J. Biagi and Dallas W. Bias.

Plaintiff Bias died on July 7, 1971. His action against the Gazette (No. 16,796–C) was dismissed on April 20, 1973.

Thereafter, by orders entered on August 14 and 15, 1979, the remaining four actions against the Gazette, involving plaintiffs Crouse and Biagi, were dismissed. As those orders state, the four actions were "dismissed and retired from the docket with leave to reinstate...." As the record indicates, the four actions were dismissed for delinquency in the payment of accrued court costs. *W. Va.R.Civ.P.* 41(b); *W. Va. Code,* 56–8–9 [1931]; *W. Va.Code,* 56–8–12 [1931]; *W. Va.Code,* 56–8–13 [1967]. Neither those four actions, nor the Bias action, were reinstated in circuit court.

On July 14, 1981, in the Circuit Court of Kanawha County, *Daily Gazette Company v. Preiser,* No. CA–81–2900, was filed. In that action, the Gazette asserted that the five above-described libel actions filed by the petitioner against the Gazette constituted malicious prosecution and an abuse of process. The Gazette seeks damages against the petitioner in the amount of $25,000 and costs.

The petitioner, in his answer and motion to dismiss the complaint, alleged, *inter alia,* that the Gazette's actions for malicious prosecution and abuse of process are barred by the statute of limitations. By order entered on March 11, 1982, the respondent, Judge of the Circuit Court of Kanawha County, denied the petitioner's motion to dismiss.[1]

1. As reflected in the circuit court's order of March 11, 1982, the petitioner's motion to dismiss was denied with regard to the Gazette's actions for malicious prosecution and abuse of process concerning the four Crouse and Biagi actions (Civil Action Nos. 16,795–c, 16,797–c, 10,578 and 10,579). However, the circuit court dismissed the Gazette's actions for malicious prosecution and abuse of process with regard to the Bias action (Civil Action No. 16,796–c). The Gazette consented to that dismissal. Accordingly, we are not concerned in this proceeding with the *Bias* action.

The petitioner seeks in this Court to prohibit the respondent judge from proceeding further in the *Daily Gazette Company v. Preiser* action.

## II

The issue before this Court is whether the *Daily Gazette Company v. Preiser* action, filed in the Circuit Court of Kanawha County, is barred by the "statute of limitations." [2] The petitioner, contending that the *Gazette* action is barred, seeks relief in prohibition. The intervenor, The Daily Gazette Company, contends that the *Gazette* action was timely filed.

Inasmuch as the complaint in the *Gazette* action alleges both malicious prosecution and abuse of process, we look to the nature of those causes of action in considering relief in prohibition.

## III

This Court discussed malicious prosecution in *Van Hunter v. Beckley Newspapers Corporation*, 129 W.Va. 302, 40 S.E.2d 332 (1946). In *Van Hunter*, a newspaper corporation instituted a mandamus proceeding against the Clerk of the Circuit Court of Raleigh County, West Virginia, to gain access to certain records concerning divorce litigation. The newspaper corporation was unsuccessful in that mandamus proceeding. Thereafter, the clerk brought an action against the newspaper corporation for malicious prosecution. This Court noted: "To sustain an action ... for malicious prosecution of either a civil suit, ac-

tion or proceeding, or a criminal charge, there must be a showing, from a preponderance of the evidence, of both malice and want of probable cause in the prosecution complained of." *Van Hunter*, syl. pt. 2.

Holding in favor of the newspaper corporation, this Court in *Van Hunter* concluded that there was an absence of "sufficient evidence to establish either malice or want of probable cause in the institution or the prosecution [by the newspaper corporation] of the mandamus proceeding...." 129 W.Va. at 311, 40 S.E.2d at 337.

Similarly, in *Porter v. Mack*, 50 W.Va. 581, 40 S.E. 459 (1901), in which the plaintiff alleged that the defendants had improperly utilized judicial proceedings to financially destroy the plaintiff's business, this Court indicated that an action for malicious prosecution must include the elements of "both malice and want of probable cause...." 50 W.Va. at 588, 40 S.E. at 462.

Moreover, the plaintiff in an action for malicious prosecution must show that the proceedings in question were terminated in his or her favor. *See Lyons v. Davy-Pocahontas Coal Co.*, 75 W.Va. 739, 84 S.E. 744 (1915); syl. pt. 1, *Porter, supra.* This Court stated in syllabus point 1 of *Lyons*: "To maintain an action for malicious prosecution it is essential to prove (1) that the prosecution was malicious, (2) that it was without reasonable or probable cause, and (3) that it terminated favorably to plaintiff." [3]

---

**2.** The intervenor, The Daily Gazette Company, has, in addition, questioned the propriety of prohibition as an appropriate remedy under the circumstances of this action. The petitioner asks this Court to resolve the legal issue of whether the *Daily Gazette Company v. Preiser* action is barred by the "statute of limitations." The facts before us are not in dispute. In *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), we noted that "[w]hen ... there is a clear legal question it is often efficient to come in prohibition. Furthermore, a remedy by appeal of a crucial but erroneous legal ruling is frequently quite inadequate...." 164 W.Va. at 121, 262 S.E.2d at 749. In view of *Hinkle*, this Court concludes that the petitioner may properly seek relief in prohibition in this action.

**3.** The definition of "malicious prosecution" found in BLACK'S LAW DICTIONARY 864 (5th

ed. 1979) is consistent with the West Virginia cases cited above. BLACK'S LAW DICTIONARY states, in part:

Elements of a cause of action for malicious prosecution are: (1) commencement of prosecution of proceedings against present plaintiff; (2) its legal causation by present defendant; (3) its termination in favor of present plaintiff; (4) absence of probable cause for such proceedings; (5) presence of malice therein; and (6) damage to plaintiff by reason thereof. *Palermo v. Cottom*, Mo.App., 525 S.W.2d 758, 764 [ (1975) ].

In addition to the tort remedy for malicious criminal proceedings, the majority of states also permit tort actions for malicious institution of civil actions.

276

This Court has indicated that an action for malicious prosecution must be brought within one year from the time the right to bring the action accrued. Syl. pt. 10, *Porter, supra. See also Duffy v. Ogden Newspapers, Inc.*, 170 W.Va. 318, 294 S.E.2d 121, 122 (1982); *Cavendish v. Moffitt*, 163 W.Va. 38, 40, 253 S.E.2d 558, 559 (1979); *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W.Va. 588, 594, 244 S.E.2d 321, 325 (1978); syl. pt. 1, *Vencill v. Flynn Lumber Company*, 94 W.Va. 396, 119 S.E. 164 (1923).

In particular, we concur with the following language found in Annot., 87 A.L.R.2d 1047, 1059 (1963); "The general rule followed by most courts is that a cause of action for malicious prosecution of a civil suit accrues, for the purpose of starting the running of the statute of limitations, from the date that such suit terminated in favor of the party so prosecuted." Moreover, as stated in 52 Am.Jur.2d *Malicious Prosecution* § 115 (1970): "As a general rule, the statute of limitation[s] begins to run only from the termination of the action complained of, since it is only then that the

injured party can sue for malicious prosecution."

In the proceeding before this Court, the libel actions alleged to have been maliciously prosecuted against the Gazette were dismissed by the circuit court on August 14 and 15, 1979. Those dismissals, for delinquency in the payment of accrued court costs, were entered pursuant to *W.Va. R.Civ.P.* 41(b),[4] which provides, in relevant part:

Any court in which is pending an action wherein for more than two years there has been no order or proceeding but to continue it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plain-

---

Other definitions of "malicious prosecution" may be found in 21A M.J. *Words and Phrases* (Michie 1980), p. 510; 12A M.J. *Malicious Prosecution* § 2 (Michie 1978); 26 *Words and Phrases* "Malicious Prosecution" (1953); 52 Am.Jur.2d *Malicious Prosecution* § 1 (1970); 54 C.J.S. *Malicious Prosecution* § 1 (1948).

As 52 Am.Jur.2d *Malicious Prosecution* § 1 (1970), provides, in part:

The term 'malicious prosecution' is used in reference to both (1) the proceeding which was allegedly instituted maliciously, and (2) the cause of action arising therefrom. As applied to the original proceeding, a malicious prosecution may be briefly defined as one that is begun in malice, without probable cause to believe it can succeed, and that finally ends in failure. As applied to the cause of action, it is a suit for damages brought by one against whom a criminal prosecution, civil suit, or other legal proceeding has been instituted maliciously and without probable cause, after the termination of the former proceedings in favor of the defendant therein.

**4.** *See also W.Va.Code*, 56–8–9 [1931]; *W.Va. Code*, 56–8–12 [1931]; *W.Va.Code*, 56–8–13 [1967].

*W.Va.Code*, 56–8–9 [1931], provides, in part:

Any court in which is pending any case wherein for more than two years there has been no order or proceeding but to continue

it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such case to be struck from its docket; and it shall thereby be discontinued.

*W.Va.Code*, 56–8–12 [1931], provides:

Any court may, on motion, reinstate on the trial docket of the court any case dismissed, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after the order of dismissal shall have been made, or order of nonsuit entered; but any such order of reinstatement shall not be entered until the accrued costs in such case shall have been paid.

*W.Va.Code*, 56–8–13 [1967], provides:

All causes in which orders of dismissal have been made, or orders of nonsuit entered, which orders have been set aside and causes reinstated, shall remain upon the docket and be proceeded with in the same manner as if the order had never been made. But no such cause shall be brought to trial, or proceeded in, until the defendant therein shall have had at least twenty days' personal notice in writing, or, if he be a nonresident, by publication that such cause has been reinstated on the docket as a Class II legal advertisement in compliance with the provisions of article three, chapter fifty-nine of this Code, and the publication area for such publication shall be the county in which the action is pending.

tiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

As stated above, the libel actions were never reinstated.

The petitioner asserts that the one year statute of limitations, as to the Gazette's action for malicious prosecution, began to run in August, 1979 when the libel actions were dismissed, and that inasmuch as the *Gazette* action was not filed until July 14, 1981, the *Gazette* action is barred. Thus, the petitioner asserts that the running of the statute of limitations did not depend upon the expiration of "three terms after entry of the order[s] of dismissal." *W.Va. R.Civ.P.* 41(b).

The Gazette, however, contends that the statute of limitations did not begin to run upon the Gazette's claim of malicious prosecution until the expiration of three terms after dismissal. The Gazette stresses the fact that the libel actions could have been reinstated within those three terms.

In *Allen v. Burdette*, 89 W.Va. 615, 109 S.E. 739 (1921), certain defendants instituted an involuntary bankruptcy proceeding against the plaintiff. The plaintiff was adjudged not to be bankrupt. More than one year later, the plaintiff brought an action against the defendants and alleged that the involuntary bankruptcy proceeding was maliciously prosecuted.

Responding to the defendants' contention that the malicious prosecution action was barred by the statute of limitations, the plaintiff, in *Allen*, asserted that inasmuch as the defendants could have appealed from or sought a rehearing concerning the adjudication that the plaintiff was not bankrupt, the plaintiff's malicious prosecution action did not accrue "until the expiration of the time within which an appeal might be taken or a petition to rehear filed ...," 89 W.Va. at 618, 109 S.E. at 740, which period was less than one year prior to the institution by the plaintiff of the malicious prosecution action.

However, this Court, in *Allen*, rejected the above assertion of the plaintiff and held that the action was barred. This Court stated:

> When the court in which the suit alleged to be maliciously prosecuted is pending has complete jurisdiction and renders a judgment finally disposing of the matters, that judgment is final and conclusive upon the parties to the suit until it is gotten rid of by some appropriate process, and certainly so long as it stands without any proceeding being taken to review it, it constitutes a termination of the suit in which it is rendered.
>
> . . . .
>
> [W]here a judgment has been rendered by a court in which a suit has been instituted which finally disposes of that suit adversely to the plaintiff, the defendant may maintain a suit for the malicious prosecution of such suit without waiting for the time to expire within which appellate proceedings may be instituted, and this being true, of course, it follows that the Statute of Limitations begins to run against him from the entry of the judgment finally disposing of the suit alleged to be maliciously prosecuted....

89 W.Va. at 619, 621, 109 S.E. at 740, 741.

We decline, however, to apply the analysis of *Allen* to the circumstances of this action. An appeal or rehearing from a judgment is not comparable to the reinstatement of an action dismissed under *W.Va.R.Civ.P.* 41(b) for delinquency in the payment of accrued court costs. This Court in *Allen* was not confronted with *W.Va.R.Civ.P. 41(b) and did not consider the statute of limitations in that context. In* Allen, *this Court stated that "a proceeding to review a final judgment by appeal or writ of error is treated as a new suit, and not as a continuation of a suit in which the judgment or decree appealed from was rendered." 89 W.Va. at 619, 109 S.E. at 740. On the other hand,* W.Va.Code, *56-8-13 [1967], provides, in part, that "[a]ll causes in which orders of dismissal have been made, or orders of nonsuit entered, which orders have been set aside and causes reinstated, shall remain upon the docket and be proceeded with in the same manner* as if the order

had never been made." *(emphasis added).*
See *n. 4,* supra.[5] *While we recognize that*
*the libel actions in question were never*
*reinstated, we are of the opinion that*
*those actions did not terminate, for pur-*
*poses of the running of the statute of*
*limitations regarding an action for mali-*
*cious prosecution, until the expiration of*
*three terms after entry of the orders of*
*dismissal.*

 Therefore, we hold that an action
for malicious prosecution must be brought
within one year from the termination of the
action alleged to have been maliciously
prosecuted. In particular, where an action
is dismissed pursuant to *W.Va.R.Civ.P.*
41(b) for delinquency in the payment of
accrued court costs, with leave to reinstate
within three terms after entry of the order
of dismissal, an action alleging that the
dismissed action was maliciously prose-
cuted must be brought within one year
from the expiration of the three terms,
rather than within one year from the entry
of the order of dismissal.[6]

Accordingly, the action for malicious
prosecution alleged in *Daily Gazette Com-*
*pany v. Preiser* is not barred by the stat-
ute of limitations. Specifically, the *Gazette*
action for malicious prosecution was filed
within one year from the expiration of
"three terms after entry of the order[s] of
dismissal...." *W.Va.R.Civ.P.* 41(b). *See*
n. 6, *supra.*

### IV

In contrast to malicious prosecution, lit-
tle can be found in this Court's prior case
law concerning abuse of process. How-
ever, this Court has recognized that it is

---

5. We recognize that, in *Allen,* this Court indi-
cated that whether the "appellate process be
treated as a new suit or simply a continuation of
the old suit can make little difference, unless
such appellate process has in fact been taken
advantage of by the party adversely affected by
the judgment or decree." 89 W.Va. at 619, 109
S.E. at 740. We are hesitant to conclude, how-
ever, that under the circumstances before us the
process of reinstating actions dismissed pursu-
ant to *W.Va.R.Civ.P.* 41(b) should be equated
with the appellate process, with regard to estab-
lishing the termination of an action.

6. The petitioner asserts that the Gazette's action
for malicious prosecution is barred even if the
statute of limitations did not begin to run until
the expiration of three terms after dismissal.
As discussed below, however, we find that asser-
tion to be without merit.

The Circuit Court of Kanawha County has
three terms per year which start "on the second
Monday in January, May and September."
*W.Va.Code,* 51–2–1m [1953]. The libel actions
alleged to have been maliciously prosecuted
against the Gazette were dismissed in August,
1979 (during the May, 1979 term of the circuit
court). The petitioner states that (counting the
May, 1979, September, 1979 and January, 1980
terms of the circuit court) the statute of limita-
tions began to run on the second Monday of
May, 1980 and ended, one year later, on the
second Monday in May, 1981, prior to the filing
by the Gazette of the malicious prosecution ac-
tion.

Nevertheless, we find validity in the assertion
of the Gazette that the term in which the dismis-
sal order is entered is not counted as one of the
"three terms" in determining the running of the
statute of limitations. The Gazette asserts that
the three terms in question of the circuit court
are the September, 1979, January, 1980 and
May, 1980 terms. The Gazette indicates that the
statute of limitations, therefore, began to run on
the second Monday of September, 1980 and
ended, one year later, on the second Monday of
September, 1981, *after* the filing by the Gazette
of the malicious prosecution action.

We are of the opinion that three *full* terms
after dismissal of an action under *W.Va.R.Civ.P.*
41(b) for delinquency in the payment of accrued
courts costs must pass before the statute of
limitations begins to run as to a claim for mali-
cious prosecution. We find support, by analo-
gy, for that conclusion in the criminal context.
In *State ex rel. Shorter v. Hey,* 170 W.Va. 249,
294 S.E.2d 51 (1981), this Court discussed *W.Va.*
*Code,* 62–3–21 [1959], which statute, commonly
referred to as the "three term rule," provides
that "subject to enumerated exceptions, a crimi-
nal defendant shall be discharged from prosecu-
tion if not tried within three terms of court ..."
170 W.Va. at 253, 294 S.E.2d at 55. In *Shorter,*
we held:

The term at which the indictment is re-
turned is not to be counted under *W.Va.Code,*
62–3–21, in favor of the discharge of a defen-
dant. * * * [A]t least three full terms of
court beyond the term of indictment must
pass before, under *W.Va.Code,* 62–3–21, the
constitutional right to a speedy trial is denied.
Accordingly, the importance of the term of
indictment is lessened under *W.Va.Code,* 62–
3–21, in terms of speedy trial.
170 W.Va. at 255, 294 S.E.2d at 57.
We find the above language of *Shorter* per-
suasive with respect to this action, and we con-
clude that the statute of limitations as to the
Gazette's action for malicious prosecution began
to run after the May, 1980 term of the Circuit
Court of Kanawha County.

the duty of a court "to see that its process is not abused." *State ex rel. Casey v. Wood*, 156 W.Va. 329, 334, 193 S.E.2d 143, 145 (1972). *See also Allen v. Burdette, supra*, recognizing "malicious abuse of civil process." [7]

Generally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process. BLACK'S LAW DICTIONARY 11 (5th ed. 1979); 14B M.J. *Process* § 61 (Michie 1978); 1 Words and Phrases "Abuse of Process" (1964); 1 Am. Jur.2d *Abuse of Process* § 1 (1962); 72 C.J.S. *Process* § 119 (1951). [8]

In *Glidewell v. Murray-Lacy and Company*, 124 Va. 563, 98 S.E. 665 (1919), the Supreme Court of Virginia discussed abuse of process:

> The distinctive nature of an action for abuse of process, as compared with the actions for malicious prosecution and false imprisonment, is that it lies for the improper use of a regularly issued process, not for maliciously causing process to issue, or for an unlawful detention of the person.
>
> . . . .
>
> The authorities are practically unanimous in holding that to maintain the action [for abuse of process] there must be proof of a willful and intentional abuse or misuse of the process for the accomplishment of some wrongful object—an intentional and willful perversion of it to the unlawful injury of another.
>
> . . . .
>
> As to the proof of malice, we have seen that such proof is not necessary as to the issuance, but is necessary to the use, of the process, in order to sustain an action of this character.

124 Va. at 569, 571, 576; 98 S.E. at 667, 668, 670.

Furthermore, as the Supreme Court of Virginia stated in *Mullins v. Sanders*, 189 Va. 624, 54 S.E.2d 116 (1949):

> In an action for abuse of process, as distinguished from an action for malicious prosecution, it is not necessary to aver and prove the termination of the proceeding in which the process was issued. It is sufficient that one party has wilfully abused the process after its issuance to the damage of the other.

189 Va. at 633, 54 S.E.2d at 121.

■ Nevertheless, an action for abuse of process being somewhat similar to an action for malicious prosecution, we hold that an action for abuse of process must be brought within one year from the time the right to bring the action accrued. *Allen v. Burdette, supra; Woodford v. McDaniels*, 73 W.Va. 736, 81 S.E. 544 (1914).

7. It should be noted that in this action we do not attempt to treat separately such concepts as "abuse of process," "malicious abuse of civil process," "malicious use of process," etc.

8. As stated in W. Prosser, *Handbook of the Law of Torts* § 121 (1971):

> Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause.

> . . . .
>
> The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

Furthermore, we find helpful the following statement found in annot., 1 A.L.R.3d 953–54 (1965):

Unlike an action for malicious prosecution where a legal termination of the prosecution complained of is essential, in an action for abuse of process it is not necessary, ordinarily, to establish that the action in which the process issued has terminated unsuccessfully. For this reason, a cause of action for abuse of process has been generally held to accrue, and the statute of limitations to commence to run, from the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued.[9]

*See also* 1 Am.Jur.2d *Abuse of Process* § 24 (1962), statute of limitations begins to run against an action for abuse of process "from the termination of the acts which constitute the abuse complained of."

In *Montague v. Cummings*, 119 Ga. 139, 45 S.E. 979 (1903), the Supreme Court of Georgia stated that "an action for damages for the abuse of legal process may be maintained before the action in which such process was issued is terminated." 119 Ga. at 141, 45 S.E. at 980.

■ Accordingly, we hold that under the circumstances before us, the Gazette's action for abuse of process, set forth in *Daily Gazette Company v. Preiser*, is barred by the statute of limitations. The *Gazette* action was filed on July 14, 1981, and alleged, *inter alia*, that the libel actions constituted an abuse of process. As indicated by the authorities cited above, it is not necessary to establish the termination of the libel actions, for purposes of determining the time within which the *Gazette's* action for abuse of process should have been brought. *Cf.*, n. 9, *supra*. The record indicates, however, that the libel actions were dismissed in August, 1979, and little, if any, activity occurred in those actions for a substantial period of time prior to dismissal. In any event, the record reveals no acts committed by the petitioner in the libel actions subsequent to August 1979 which could have given rise to an action for abuse of process. Thus, the *Gazette's* action for abuse of process, under these circumstances, was not timely filed and is barred by the statute of limitations.

Upon all of the above, this Court holds that the *Daily Gazette Company v. Preiser* action is not barred by the statute of limitations, with regard to the Gazette's claim that the libel actions were maliciously prosecuted against the Gazette by the petitioner. However, the *Daily Gazette Company v. Preiser* action is barred by the statute of limitations, with regard to the Gazette's claim that the libel actions involved an abuse of process against the Gazette by the petitioner. Accordingly, the respondent Judge of the Circuit Court of Kanawha County is hereby prohibited from proceeding further in the *Daily Gazette Company v. Preiser* action, as to the *Gazette's* claim of abuse of process.

Writ granted as moulded.

MILLER, Chief Justice, concurring, in part, and dissenting, in part:

I agree with the Court's holding that the Gazette's abuse of process cause of action

---

**9.** It should be noted that the above rule found in A.L.R.3d may not apply in all cases. Annot., 1 A.L.R.3d 953 (1965), in footnote five, provides:

An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it had been issued. Generally, in an action for abuse of process it is not in law essential that the process should have been wrongfully issued, or that it should have been issued maliciously or without probable cause, and consequently, it is immaterial whether such process has or has not been discharged, but rather, it is sufficient that the one party has wilfully abused the process, after its issuance, to the damage of the other. However, it seems that in some situations the action for abuse of process may be founded, not only upon the ground of the wilful perversion of valid process, but upon the further ground of malice and want of probable cause and, in such a case, the favorable termination of the proceeding in which the process was issued is necessary as an indication and determination of whether there was, in fact, the purported malice and want of probable cause. [citation omitted].

was not timely filed, but I disagree with its conclusion that the malicious prosecution was timely filed. As the majority acknowledges, it is generally held that the right to bring a malicious prosecution action arises when there has been a termination of the underlying suit in favor of the party now bringing the malicious prosecution action. (Majority p. 276). Annot., 87 A.L.R.2d 1047, 1049 (1963). Furthermore, the majority correctly notes that there is a one-year statute of limitations for a malicious prosecution action, as we held in Syllabus Point 10 of *Porter v. Mack*, 50 W.Va. 581, 40 S.E. 459 (1901):

> "An action for malicious prosecution sounding in consequential and punitive damages, although affecting business and property is such a personal action as does not survive to the personal representative, and is barred by the statute of limitations after one year from the time when the right to bring the same first accrued."

*See also Duffy v. Ogden Newspapers, Inc.*, 170 W.Va. 318, 294 S.E.2d 121 (1982).

The majority does not take the date of the dismissal orders as being the date the cause of action arose. These orders were entered under Rule 41(b) of the West Virginia Rules of Civil Procedure (R.C.P.), which permits a dismissal for failure to prosecute civil actions.[1] Instead, the majority adds three more terms of court from the date of dismissal on the theory that the plaintiffs could have revived the suits under Rule 41(b), R.C.P., during this period.

It seems to me that the majority's reasoning is flawed for several reasons. First, the right to revive a Rule 41(b), R.C.P., dismissal is not automatic, but discretionary since the term "may" is used, and we have historically said that good cause must also be shown. *Snyder v. Hicks*, 170 W.Va. 281, 294 S.E.2d 83 (1982); *Nibert v. Carroll Trucking Co.*, 139 W.Va. 583, 82 S.E.2d 445 (1954). Second, the right to revive rests with the plaintiff in the original action. This right is analogous to his right to appeal from an adverse termination of his case. However, we have direct authority which holds that time for filing a malicious prosecution suit is not extended because the plaintiff in the underlying suit had an appeal period. *Allen v. Burdette*, 89 W.Va. 615, 109 S.E. 739 (1921).[2] The majority's attempt to distinguish *Allen* is unpersuasive to me.

Finally, the majority ignores credible law from other jurisdictions that have dealt with this issue of a Rule 41(b) dismissal in the context of later malicious prosecution actions and have stated that such a dismissal is an adjudication on the merits. *See, e.g., Minasian v. Sapse*, 80 Cal.App.3d 823, 145 Cal.Rptr. 829 (1978); *Brodie v. Hawaii Automotive Retail Gasoline Dealers Ass'n, Inc.*, 2 Hawaii App. 316, 631 P.2d 600, *rev'd. on other grounds*, 65 Hawaii 598, 655 P.2d 863 (1982); *Nagy v. McBurney*, 120 R.I. 925, 392 A.2d 365 (1978). The rationale most commonly advanced is that a Rule 41(b) dismissal is on the merits because ordinarily a plaintiff does not

---

1. The material portion of Rule 41(b), R.C.P., states:

> "Any court in which is pending an action wherein for more than two years there has been no order or proceeding but to continue it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall

not be entered until the accrued costs are paid."

2. The Court's language in *Burdette*, 89 W.Va. at 621, 109 S.E. at 741, was:

> "[W]here a judgment has been rendered by a court in which a suit has been instituted which finally disposes of that suit adversely to the plaintiff, the defendant may maintain a suit for the malicious prosecution of such suit without waiting for the time to expire within which appellate proceedings may be instituted, and this being true, of course, it follows that the Statute of Limitations begins to run against him from the entry of the judgment finally disposing of the suit alleged to be maliciously prosecuted...."

abandon a meritorious case, as stated in *Minasian v. Sapse*, 80 Cal.App.3d at 827, 145 Cal.Rptr. at 832: "A dismissal for failure to prosecute under [Rule 41(b)] ... does reflect on the merits of the action, and that reflection is favorable to the defendant in the action. The reflection arises from the natural assumption that one does not simply abandon a meritorious action once instituted." We have adopted the same rule in *Perlick & Co. v. Lakeview Creditor's Trustee Comm.*, 171 W.Va. 195, 298 S.E.2d 228, 235 (1982), that a "dismissal [under Rule 41(b)], unless the court otherwise specified, operates as an adjudication upon the merits. (Footnote omitted.)" Although *Perlick* did not involve a malicious prosecution problem, it does represent the general view that a Rule 41(b) dismissal order operates as an adjudication on the merits.

Furthermore, the rule itself provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... other than for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." Rule 41(b), R.C.P. Thus to me it is apparent that once the Rule 41(b), R.C.P., dismissal orders were entered in the libel suits brought against the Gazette, it had one year from the date of the entry of the orders to bring its malicious prosecution action against the original plaintiffs in the libel action and their attorney. The last of the orders was entered in August, 1979, and this malicious prosecution action was not filed until almost two years later in July, 1981. Clearly, it should be barred from such prosecution by the one-year statute of limitations.