# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David L. Cunningham,**
**Plaintiff Below, Petitioner**

**vs) No. 16-0262** (Marshall County 14-C-213)

**Joseph R. Hooker, individually and in his**
**official capacity as agent and employee of**
**Marshall County Commission, and Marshall**
**County Commission, a political subdivision**
**in the State of West Virginia,**
**Defendants Below, Respondents**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David L. Cunningham, by counsel Paul J. Harris, appeals the Circuit Court of Marshall County's February 25, 2016, order granting respondents' motion to dismiss. Respondents Joseph R. Hooker and the Marshall County Commission, by counsel Thomas E. Buck, filed a response. On appeal, petitioner argues that (1) the circuit court erred in granting respondents' motion to dismiss based upon the applicable statute of limitations, and (2) the circuit court failed to address three of the counts from his complaint.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 10, 2012, petitioner was charged with one count of misdemeanor battery. On September 18, 2013, Deputy Joseph R. Hooker, respondent herein, arrested petitioner on an outstanding warrant related to the battery charge. Following his arrest, petitioner was taken to the Marshall County Sheriff's Office before he was booked and transferred to Northern Regional Jail. Petitioner was released that same day. Ultimately, on December 30, 2013, the criminal complaint against petitioner for battery was dismissed.

On December 24, 2014, petitioner filed a civil complaint against Deputy Hooker and the Marshall County Commission. In his complaint, petitioner set forth the following four counts: (1) due process violation; (2) malicious prosecution; (3) deliberate indifference; and (4) negligent retention and hiring. Respondents thereafter filed a motion to dismiss the complaint. The case then went through a protracted period of reassignments to various judges before the circuit court eventually held a hearing on the motion to dismiss in February of 2016. Ultimately, the circuit

1

court granted the motion to dismiss upon a finding that petitioner failed to file his complaint before the one-year statute of limitations applicable to claims of malicious prosecution expired. It is from the order granting respondents' motion to dismiss that petitioner appeals.

We have previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 2, *Hill v. Stowers*, 224 W.Va. 51, 680 S.E.2d 66 (2009). Additionally, we have held as follows:

> "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

Syl. Pt. 2, *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 700 S.E.2d 183 (2010). Upon our review, the Court finds no error in the circuit court's order granting respondents' motion to dismiss.

On appeal, petitioner argues that the circuit court erred in granting respondents' motion to dismiss based upon his failure to file the action within the applicable statute of limitations. This Court has previously held that "'[a]n action for malicious prosecution must be brought within one year from the termination of the action alleged to have been maliciously prosecuted.' Syllabus Point 2, in part, *Preiser v. MacQueen*, 177 W.Va. 273, 352 S.E.2d 22 (1985)." Syl. Pt. 1, *McCammon v. Oldaker*, 205 W.Va. 24, 516 S.E.2d 38 (1999). In reaching its decision, the circuit court found that the applicable statute of limitations began to run on September 18, 2013, the date upon which petitioner was arrested and released. Petitioner, however, argues that the proper date upon which to begin calculating the time period for the statute of limitations is December 30, 2013, the date upon which the criminal complaint against him was ultimately dismissed. We agree with petitioner that December 20, 2013, is the date upon which the action was terminated by the State's dismissal of the criminal complaint at issue. Accordingly, we find that the circuit court was incorrect in granting respondent's motion to dismiss on this ground.

However, the Court also notes that respondent argues on appeal, as it did in the circuit court, that petitioner failed to state a claim upon which relief could be granted. We agree. We have previously held that

> "[t]o maintain an action for malicious prosecution it is essential to prove: (1) That the prosecution was malicious; (2) that it was without reasonable or probable cause; and (3) that it terminated favorably to plaintiff." Syllabus Point 1, *Lyons v. Davy-Pocahontas Coal Co.*, 75 W.Va. 739, 84 S.E. 744 (1915).

*Id.* at 26, 516 S.E.2d at 40, syl. pt. 3. The record shows that petitioner does not challenge the validity of the warrant and, therefore, cannot challenge probable cause.[1] Indeed, the warrant upon which petitioner was arrested in September of 2013 was valid at that time. The warrant, issued by the Magistrate Court of Marshall County, plainly stated that probable cause existed to believe that petitioner committed a battery. As such, it is clear that Deputy Hooker had probable cause to arrest petitioner. Accordingly, petitioner cannot establish any set of facts under which he could recover for malicious prosecution. For these reasons, we find no error in the circuit court dismissing petitioner's claim for malicious prosecution.

Finally, we find no error in the circuit court's failure to address petitioner's claims from counts one, three, and four of his complaint in its order dismissing the same. Petitioner's remaining claims for due process violation, deliberate indifference, and negligent retention and hiring all stemmed from the factual assertions underpinning his claim of malicious prosecution by virtue of his arrest on September 18, 2013. Given that petitioner's factual assertions on that claim are not supported by the record on appeal, his related claims must also fail. Accordingly, we find no error in the circuit court dismissing these claims as well.

For the foregoing reasons, the circuit court's February 25, 2016, order granting respondents' motion to dismiss is hereby affirmed.

Affirmed.

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[1]Although he refers to the warrant as "stale" in his complaint and on appeal, petitioner admits that the criminal complaint for battery against him was still pending as of his arrest on September 18, 2013. He further offers no authority that would establish that the warrant was somehow invalid despite the continued pendency of the criminal charge against him.