# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael S. Gorbey,**
**Plaintiff Below, Petitioner**

**FILED**

August 29, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-1131** (Monongalia County 09-C-314)

**Monongalia County; Jean Friend, Clerk of the Circuit**
**Court of Monongalia County; Sheriff's Department of**
**Monongalia County; Deputy Allen R. Ayersman; Deputy**
**C. Wright; Deputy Thomas; and Mike Henderson**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Michael S. Gorbey, appearing *pro se*, appeals the order of the Circuit Court of Monongalia County, entered February 5, 2013, that, in pertinent part, granted summary judgment to (1) Monongalia County; (2) the Sheriff's Department of Monongalia County and Deputy Allen R. Ayersman, Deputy C. Wright, and Deputy Thomas; and (3) Mike Henderson.[1] Respondent Monongalia County, by counsel Laura Young and Marcia Ashdown, filed a summary response. Respondents Sheriff's Department of Monongalia County and Deputy Allen R. Ayersman, Deputy C. Wright, and Deputy Thomas, by counsel Keith C. Gamble and Kenneth L. Hopper, filed a response.[2] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This is the third action petitioner has filed alleging malicious prosecution and other claims in connection with fugitive warrants that he asserts were invalid. Petitioner's first action was dismissed by the Circuit Court of Doddridge County for improper venue. *See Gorbey v. State*

---

[1] Jean Friend, Clerk of the Circuit Court of Monongalia County, was granted summary judgment by an August 9, 2013, order of the circuit court that petitioner is not appealing in this case.

[2] Respondent Mike Henderson—who appears, from the record, to be employed at the Monongalia County impound yard—has filed no response.

("*Gorbey I*"), No. 12-0398, 2012 WL 3155752 (W.Va. March 30, 2012), *reh'g denied*, __ U.S. __, 133 S.Ct. 689, 184 L.Ed.2d 491 (2012). In affirming the dismissal, this Court noted that "petitioner's criminal history spans twenty years, involving numerous occasions, in several states." *Id.* at *1.

Petitioner filed his second action in the Circuit Court of Kanawha County. In affirming that court's finding that petitioner's action was frivolous, this Court noted that "petitioner's claim that he has a delusional disorder has support in his public record." *Gorbey v. State* ("*Gorbey II*"), No. 13-0400, 2013 WL 5988972, at *1 (W.Va. November 12, 2013). Specifically, petitioner has been determined to likely have a "persecutory type" delusional disorder.[3]

Petitioner's instant action was initiated on April 3, 2009, when he sent the Circuit Court of Harrison County a letter that the court construed as a civil complaint against Respondent Monongalia County ("respondent county") and the Monongalia County Circuit Clerk ("circuit clerk"). Consequently, the Harrison County court ordered the complaint filed on April 13, 2009, and then transferred the action to Monongalia County on April 15, 2009.[4] On March 28, 2011, petitioner moved to consolidate this action with his recently dismissed Doddridge County case. The Monongalia County court treated petitioner's motion as a motion to amend the complaint and added Respondents Sheriff's Department of Monongalia County and Deputy Allen R. Ayersman, Deputy C. Wright, and Deputy Thomas (collectively "Sheriff's Department"); and Respondent Henderson as defendants.

On February 5, 2013, the circuit court granted motions for summary judgment by respondent county, the Sheriff's Department, and Respondent Henderson. In its motion for summary judgment, the Sheriff's Department conceded that petitioner's harassment claim (based on its taking of a missing person report in October of 2007) was not barred by the statute of limitations, but argued the claim should be summarily decided on its merits. The circuit court did not address the claim from October of 2007; instead, the court found that "[a]ll of [petitioner's] claims are precluded, as they were filed outside the applicable one or two year statute of limitations."

In granting summary judgment, the circuit court determined that the statute of limitations barred petitioner's claims for malicious prosecution, malicious arrest, harassment, unlawful arrest, unlawful incarceration, and destruction of property. Petitioner argued that the one year statute of

---

[3] *See Gorbey v. United States,* 54 A.3d 668, 696 and n. 47 (2012).

[4] The Harrison County court ordered petitioner's complaint filed despite the fact that it was procedurally deficient. *See* W.Va.R.Civ.P. 3(b)("Every complaint shall be accompanied by a completed civil case information statement[.]"); Syl. Pt. 5, in part, *Cable v. Hatfield*, 202 W.Va. 638, 639-40, 505 S.E.2d 701, 702-03 (1998) ("In the absence of a completed civil case information statement, the clerk is without authority to file the complaint."). Petitioner did not file a completed civil case information statement until October 18, 2011, after the case was transferred to Monongalia County.

limitations that applied to his malicious prosecution claim had not yet begun to run because a 2006 fugitive warrant for his arrest was still pending.[5] The circuit court rejected this argument because it concluded that petitioner contradicted himself, finding as follows:

> [Petitioner] argues that he believed in 2006 there were no outstanding warrants for his arrest and each arrest in Monongalia County was illegal. Yet, he waited more than two years to pursue legal action against [Respondents] in West Virginia. Interestingly, [petitioner] also argues that a 2006 warrant is still pending today.

Petitioner also asserted the applicable statutes of limitations[6] were tolled by the circuit clerk's obstruction of his access to the courts during 2008.[7] According to petitioner, he attempted to file his action against respondents in Monongalia County in 2008, but that the circuit clerk would not file his complaint because it did not include the required civil case information statement ("CCIS"). Because petitioner admitted that he did not file a CCIS with his complaint, the circuit court determined that the circuit clerk lacked legal authority to file petitioner's purported complaint pursuant to Syllabus Point 5 of *Cable v. Hatfield*, 202 W.Va. 638, 505 S.E.2d 701 (1998), in which this Court held as follows:

> Rule 3[(b)] of the West Virginia Rules of Civil Procedure requires, in mandatory language, that a completed civil case information statement accompany a complaint submitted to the circuit clerk for filing. In the absence of a completed civil case information statement, the clerk is without authority to file the complaint.

Accordingly, the circuit court concluded that the circuit clerk did not obstruct petitioner's access to the courts and, therefore, the applicable statutes of limitations were not tolled by the circuit clerk's conduct.[8]

---

[5] *See* Syl. Pt. 2, in part, *Preiser v. MacQueen*, 177 W.Va. 273, 352 S.E.2d 22 (1985) ("An action for malicious prosecution must be brought within one year from the termination of the action alleged to have been maliciously prosecuted.").

[6] In addition to malicious prosecution, respondents argued that petitioner's claims were time-barred by either the two year statute of limitations found at West Virginia Code §§ 55-2-12(a) and (b), that applies to property damage and personal injuries, or the one year statute of limitations found at West Virginia Code § 55-2-12(c) that applies to claims that do not survive the death of a party.

[7] West Virginia Code § 55-2-17 provides that a statute of limitations is tolled when an individual's prosecution of his action is obstructed.

[8] *See* Syl. Pt. 8, *Thompson v. Whitaker Iron Co.*, 41 W.Va. 574, 23 S.E. 795 (1895) (standing for the proposition that West Virginia Code § 55-2-17 will not toll a statute of limitations unless the prosecution of an action is obstructed by an affirmative act.)

Petitioner now appeals the circuit court's February 5, 2013, order awarding summary judgment. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 190 451 S.E.2d 755, 756 (1994). Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Furthermore, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" Syl. Pt. 4, *Painter*, 192 W.Va. at 190, 451 S.E.2d at 756.

On appeal, petitioner reiterates the arguments he made before the circuit court: (a) the statute of limitations that applies to his malicious prosecution claim has not begun to run because the 2006 fugitive warrant remains pending; and (b) the applicable statutes of limitations have been tolled by the circuit clerk's obstruction. Respondents counter that petitioner's arguments have no merit. We agree. First, as found by the circuit court, petitioner's position on whether the 2006 warrant is still pending varies from the argument he is making. "[S]elf-serving assertions without factual support in the record will not defeat a motion for summary judgment." *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 61 n. 14, 459 S.E.2d 329, 338 n. 14 (1995). Second, given the unequivocal language of Syllabus Point 5 of *Cable*, the circuit clerk complied with the law, rather than obstructed petitioner's access to the courts, when the clerk refused to file petitioner's purported 2008 complaint.   202 W.Va. at 70-703, 505 S.E.2d at 639-640.

As an alternate ground for affirmation,[9] we address the merits of petitioner's claims for three reasons: (1) the Sheriff's Department's concession in its motion that petitioner's harassment claim (based on its taking of a missing person report in October of 2007) was not time-barred; (2) the parties' discussion of the merits of petitioner's claims as reflected by the record; and (3) the ample evidence in the record that petitioner's claims are frivolous. As respondent county notes, this Court affirmed the Kanawha County court's dismissal of substantially similar claims as frivolous in *Gorbey II* just last year. Nothing in this record convinces us that petitioner's claims are any less frivolous in the instant action. Because of the statute of limitations and/or the frivolousness of the claims, this Court concludes that no rational trier of fact would find for petitioner.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Monongalia County and affirm its February 5, 2013, order granting summary judgment to respondent county, the Sheriff's Department, and Respondent Henderson.

Affirmed.

---

[9] Because we apply the same standard as the circuit court did in our *de novo* review of its grant of summary judgment, we "may rule on any alternate ground manifest in the record." *Conrad v. ARA Szabo*, 198 W.Va. 362, 369, 480 S.E.2d 801, 808 (1996).

4

**ISSUED:**   August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5